# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

August 10, 2022

Lyle W. Cayce
Clerk

No. 21-50789

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

OSCAR IVAN CASTRO-DELGADO,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Texas
No. 4:21-CR-144-1

Before SMITH, CLEMENT, and HAYNES, *Circuit Judges*.

PER CURIAM:[*]

In 2021, Oscar Castro-Delgado pleaded guilty of illegally reentering the United States in violation of 8 U.S.C. § 1326. The district court sentenced him to 30 months' imprisonment and three years' supervised release.

Castro-Delgado appeals, advancing two challenges to his sentence. He didn't raise either of them before the district court, so our review is for

---

[*] Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

plain error. *See United States v. Zarco-Beiza*, 24 F.4th 477, 481 (5th Cir. 2022). That requires him to show "(1) the district court committed error, (2) the error was plain or obvious, (3) the error affected his substantial rights, and (4) the error seriously affected the fairness, integrity or public reputation of judicial proceedings." *Id.* at 482 (alteration adopted and quotation omitted).

*First*, Castro-Delgado claims that the district court's application of the recidivism enhancement in § 1326(b) is unconstitutional. He acknowledges that that claim is foreclosed by *Almendarez-Torres v. United States*, 523 U.S. 224 (1998); he mentions it only to preserve it for further review.

*Second*, Castro-Delgado says the court erred by sentencing him to a term of supervised release. Castro-Delgado is an illegal alien who is likely to be deported after he serves his prison term, and § 1326 does not require him to be sentenced to a term of supervised release. Section 5D1.1(c) of the Sentencing Guidelines states that such persons "ordinarily" should not be sentenced to a term of supervised release. Even so, a district court has the discretion to impose supervised release when it "would provide an added measure of deterrence and protection" and is justified "based on the facts and circumstances of a particular case." *United States v. Dominguez-Alvarado*, 695 F.3d 324, 329 (5th Cir. 2012).

Castro-Delgado maintains that the district court erred procedurally by failing to acknowledge Section 5D1.1(c) or to offer a particularized explanation for its decision to impose supervised release. *See United States v. Cancino-Trinidad*, 710 F.3d 601, 606 (5th Cir. 2013). Before sentencing him, the court stated only that it had considered the § 3553(a) factors and that the Guidelines-recommended sentence was "fair and reasonable."

But this court has been "skeptical of requests to second-guess district courts' decisions to impose terms of supervised release . . . even where the court committed plain error by ruling contrary to § 5D1.1(c)." *United States*

*v. Becerril-Pena*, 714 F.3d 347, 350 (5th Cir. 2013). And even if the district court committed an obvious error, Castro-Delgado can't show that it impacted his substantial rights.

Several factors indicate that the court likely would have sentenced Castro-Delgado to the same term of supervised release even if it had fulfilled its procedural obligations. Castro-Delgado has two felony convictions for transporting illegal aliens and has been deported twice already.[1] The district court explicitly stated that it had considered the § 3553(a) factors—including deterrence and protection—when it sentenced him.[2] And the court sentenced Castro-Delgado to the top of the Guidelines range for his terms of imprisonment and supervised release.[3] So there's no reasonable probability that the court would have declined to sentence him to supervised release if it had considered Section 5D1.1(c). Castro-Delgado has not shown plain error.

Castro-Delgado also maintains that the district court substantively erred by sentencing him to a term of supervised release. But the sentence fell within the Guidelines range and therefore is entitled to a presumption of reasonableness despite the district court's failure to acknowledge Section 5D1.1(c). *See Cancino-Trinidad*, 710 F.3d at 605, 607–08; *Dominguez-Alvarado*, 695 F.3d at 329. Especially on plain-error review, Castro-Delgado cannot overcome that presumption by merely observing that his two prior convictions occurred several years ago, that he has family ties to Mexico, and

---

[1] *See Becerril-Pena*, 714 F.3d at 351 (noting that a defendant's criminal history is particularly relevant to the substantial-rights inquiry).

[2] *See United States v. Chavez-Chum*, 768 F. App'x 247, 250 (5th Cir. 2019) (per curiam) (noting that this "strongly counsels against concluding the court would have imposed a different sentence").

[3] *Cf. United States v. Carreto-Sanchez*, 830 F. App'x 134, 136 (5th Cir. 2020) (per curiam) (observing that an upward variance suggested that a Section 5D1.1 error did not impact the defendant's substantial rights).

that he would face additional deterrence based on his criminal history.

Castro-Delgado restarted his criminal career, concedes that his desire to provide for his family drove him to reenter the United States illegally, and that he has not yet been deterred by increased penalties for recidivism. In those circumstances, the district court's choice to impose an additional, within-Guidelines measure of deterrence was not unreasonable.

AFFIRMED.