# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

January 24, 2022

Lyle W. Cayce
Clerk

No. 21-40060

United States of America,

*Plaintiff—Appellee*,

*versus*

Heriberto Zarco-Beiza,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:20-CR-1457-1

Before Jolly, Higginson, and Engelhardt, *Circuit Judges*.
Stephen A. Higginson, *Circuit Judge*:

Heriberto Zarco-Beiza pleaded guilty to illegal re-entry and was sentenced to 65 months' imprisonment. On appeal, he argues that his sentence is substantively unreasonable because the district court improperly relied on a bare arrest record. For the following reasons, we AFFIRM.

I.

On October 29, 2020, Heriberto Zarco-Beiza pleaded guilty, without the benefit of a plea agreement, to illegal re-entry into the United States following a previous deportation. The criminal history section of the

No. 21-40060

Presentence Investigation Report (PSR) listed eleven adult criminal convictions, including four driving while intoxicated convictions from 1998, 2004, 2006, and 2009. The PSR included a section titled "Pending Charges," which reads as follows:

> According to a Complaint, styled Case Number 1678250, charging driving while intoxicated 3rd or more, on June 5, 2020, in Harris County, Texas, David Hurtado, did then and there unlawfully, a motor vehicle in a public place while intoxicated having previously been convicted of same in Case Number 1257077 and 1354721. Records reflect the defendant failed to report for pre-trial supervision resulting in the issuance of a warrant on September 2, 2020, which remains active. Offense details have been requested and are pending receipt.[1]

The Guidelines range was calculated as 10 to 16 months. In the section titled "Factors that May Warrant Departure," the probation officer noted that "the Court may determine that the defendant's criminal history category III under-represents the defendant's past criminal conduct" because several of Zarco-Beiza's convictions were too remote to receive criminal history points and because he had a pending criminal charge.

In his written objections to the PSR, Zarco-Beiza objected to any upward departure and requested that the court consider a downward departure or variance. He argued against an upward departure on the basis that the Sentencing Commission had taken into account the fact that a criminal history score might be under-representative when it determined that older convictions should be disqualified. In addition, he argued against

---

[1] The PSR explains that "David Hurtado" was one of Zarco-Beiza's aliases, and neither party disputes that it was Zarco-Beiza who was the subject of this arrest.

No. 21-40060

reliance on arrests because "he is presumed innocent of any arrests or apprehension not resulting in a conviction."

At the sentencing hearing, Zarco-Beiza requested a sentence within or below the recommended Guidelines range. The district court imposed an upward variance of 65 months, relying on Zarco-Beiza's history of immigration offenses (and the associated lengthy sentences), his other past criminal convictions, and his pending DWI charge. The court also recited the § 3553(a) factors, including the "need to provide for the safety of the community," "the need to deter further criminal conduct," and "the need to promote further respect for the law." In the written statement of reasons, the district court wrote: "The Court considered the defendant's criminal history to include his pending driving while intoxicated charge and his repeated disregard of immigration law despite having escaped prosecution after the referenced pending charge, he returned to the United States."

Zarco-Beiza timely appealed.

## II.

Zarco-Beiza briefly contends that his sentence is substantively unreasonable because the district court gave insufficient weight to the recommended Guidelines range. He specifically argues that the Guidelines range reflected the decision of the Sentencing Commission not to "give weight to the number of prior illegal re-entry prosecutions or the length of the sentence imposed in each," and the district court discounted that decision by relying on his history of immigration offenses when imposing the upward variance. Zarco-Beiza preserved this issue by making the same argument in his written objections to the PSR. However, we have rejected the contention that "the district court [may] not rely on factors already encompassed within the guidelines to support a non-guidelines sentence." *United States v. Key*, 599 F.3d 469, 475 (5th Cir. 2010) ("[G]iving extra

No. 21-40060

weight to circumstances already incorporated in the guidelines . . . is within the discretion of the sentencing court."). Thus, Zarco-Beiza has not demonstrated that the district court gave insufficient weight to the Guidelines range by relying on Zarco-Beiza's history of immigration offenses.

## III.

Zarco-Beiza's primary argument is that his 65-month sentence is substantively unreasonable because the district court improperly relied on a bare arrest record at sentencing. Specifically, Zarco-Beiza argues that the information in the PSR concerning his pending DWI charge constituted a bare arrest record, and the district court relied on that information in imposing an upward variance from the Guidelines range.

## A.

This court reviews a properly preserved claim of substantive unreasonableness for abuse of discretion. *Gall v. United States*, 552 U.S. 38, 56 (2007); *United States v. Nguyen*, 854 F.3d 276, 283 (5th Cir. 2017). Here, however, the Government argues that Zarco-Beiza is entitled to review only for plain error because he failed to preserve the bare arrest record claim by objecting specifically in the district court.[2] Zarco-Beiza counters that his general objection to the substantive reasonableness of the sentence[3] was

---

[2] The Government also contends that Zarco-Beiza should have presented his bare arrest record claim as one of procedural error, rather than substantive unreasonableness, and that he abandoned the claim by failing to do so. We have analyzed bare arrest record claims in some cases as one of procedural error, *see, e.g.*, *United States v. Harris*, 702 F.3d 226, 229-30 (5th Cir. 2012) (per curiam), and in other cases as one of substantive unreasonableness, *see, e.g.*, *United States v. Foley*, 946 F.3d 681, 685 (5th Cir. 2020). We have never required a bare arrest record claim to be presented as procedural error, and we decline to do so now.

[3] After the district court announced Zarco-Beiza's sentence, defense counsel stated, "Your Honor, respectfully, we would object to the sentence being greater than necessary to achieve the 3553(a) factors. Despite the factors listed by the Court, I would

sufficient to preserve the more specific issue for review on appeal, citing instances in which this court has applied abuse of discretion review to specific arguments supporting a substantive reasonableness claim that had not been clearly raised before the district court. *See United States v. Reynoso-Escuadra*, 821 F. App'x 330, 333 n.3 (5th Cir. 2020) (unpublished) (collecting cases).

The Supreme Court addressed what a defendant is required to do to preserve a claim of substantive unreasonableness in *Holguin-Hernandez v. United States*, 140 S. Ct. 762 (2020). The Court held that a defendant who argues for a particular sentence "communicates to the trial judge his view that a longer sentence is 'greater than necessary'" and, thus, preserves for review on appeal his claim that the sentence is substantively unreasonable. *Holguin-Hernandez*, 140 S. Ct. at 766-67. In a concurrence, Justice Alito noted that the Court was not deciding "what is sufficient to preserve any 'particular' substantive-reasonableness argument. . . . Thus, we do not suggest that a generalized argument in favor of less imprisonment will insulate *all* arguments regarding the length of a sentence from plain-error review." *Id.* at 767 (Alito, J., concurring).

Since *Holguin-Hernandez*, our cases have pretermitted the question of how to preserve a "'particular' substantive-reasonableness argument," *id.*, because the defendant could not prevail even under the less deferential standard. *See, e.g.*, *United States v. Holguin-Hernandez*, 955 F.3d 519, 520 n.1 (5th Cir. 2020) (per curiam); *United States v. Loucious*, 803 F. App'x 798, 798 n.1 (5th Cir. 2020) (unpublished); *United States v. Navarro-Jusino*, 993 F.3d 360, 362 n.2 (5th Cir. 2021); *Reynoso-Escuadra*, 821 F. App'x at 333 n.3 (bare arrest record claim). Here, however, the standard of review is dispositive, so

---

just note that Mr. Zarco has no intentional violent crimes and the majority of convictions are remote and were disqualified."

No. 21-40060

we must decide whether Zarco-Beiza properly preserved his bare arrest record claim.

We hold that Zarco-Beiza's objection in the district court was insufficient to preserve the bare arrest record claim. In *Holguin-Hernandez*, the Supreme Court explained that the question at the crux of the preservation requirement "is simply whether the claimed error was 'brought to the court's attention.'" 140 S. Ct. at 766 (quoting Fed. R. Crim. P. 52(b)). The Court held that "[a] defendant who, by advocating for a particular sentence, communicates to the trial judge his view that a longer sentence is 'greater than necessary' has thereby informed the court of the legal error at issue in an appellate challenge to the substantive reasonableness of the sentence." *Id.* at 766-67. Here, by contrast, neither the written objections[4] nor the arguments and objections made at the sentencing hearing could have reasonably "informed the court of the legal error at issue"—*i.e.*, improper reliance on a bare arrest record. *Id.* at 766. For that reason, Zarco-Beiza's bare arrest record claim is subject to review only for plain error. *See* Fed. R. Crim. P. 52(b).

On plain error review, Zarco-Beiza must demonstrate that "(1) the district court committed error, (2) the error was plain or obvious, (3) the error affected his substantial rights, and (4) the error 'seriously affect[ed] the fairness, integrity or public reputation of judicial proceedings.'" *United*

---

[4] Zarco-Beiza's written objections to the PSR state, "Further, he is presumed innocent of any arrests or apprehension not resulting in a conviction." A district court can rely on an arrest record at sentencing, despite the presumption of innocence, if the information in the PSR contains sufficient indicia of reliability. The problem of a bare arrest record is the lack of indicia of reliability, not merely the presumption of innocence. *See Harris*, 702 F.3d at 231. Therefore, this sentence in Zarco-Beiza's written objections was insufficient to bring the specific bare arrest record claim to the district court's attention.

No. 21-40060

*States v. Williams*, 620 F.3d 483, 493-94 (5th Cir. 2010) (alteration in original) (quoting *United States v. Olano*, 507 U.S. 725, 732 (1993)).

B.

"The term 'bare arrest record,' in the context of a PSR describes the reference to the mere fact of an arrest—*i.e.* the date, charge, jurisdiction and disposition—without corresponding information about the underlying facts or circumstances regarding the defendant's conduct that led to the arrest." *United States v. Harris*, 702 F.3d 226, 229 (5th Cir. 2012) (per curiam). "By contrast, an arrest record is not bare when it is accompanied by 'a factual recitation of the defendant's conduct that gave rise to a prior unadjudicated arrest' and 'that factual recitation has an adequate evidentiary basis with sufficient indicia of reliability.'" *United States v. Windless*, 719 F.3d 415, 420 (5th Cir. 2013) (quoting *Harris*, 702 F.3d at 231).

We have repeatedly held that it is error for a district court to rely on a bare arrest record at sentencing because it does not provide "sufficient indicia of reliability" to satisfy due process. *See, e.g.*, *United States v. Johnson*, 648 F.3d 273, 277 (5th Cir. 2011) ("[W]ithout sufficient indicia of reliability, a court may not factor in prior arrests when imposing a sentence. This comports with the due process requirement that sentencing facts must be established by a preponderance of the evidence."); *id.* at 278 ("[F]or a non-Guidelines sentence, just as for a Guidelines sentence, it is error for a district court to consider a defendant's 'bare arrest record' at sentencing."); *United States v. Foley*, 946 F.3d 681, 686 (5th Cir. 2020) ("[W]e have routinely held that it is improper for the district court to rely on a 'bare' arrest record in the context of sentencing following a criminal conviction."); *Harris*, 702 F.3d at 229 ("[T]he consideration of the fact of prior arrests, without more, is prohibited."); *United States v. Jones*, 444 F.3d 430, 434 (5th Cir. 2006) ("[I]t was error to take the mere fact of prior arrests into account.").

No. 21-40060

As an initial matter, it is evident that the information in Zarco-Beiza's PSR regarding the pending DWI charge is a "bare arrest record." The paragraph on the pending DWI charge contained only "the date, charge, jurisdiction and disposition" and included no "corresponding information about the underlying facts or circumstances regarding the defendant's conduct that led to the arrest."[5] *Harris*, 702 F.3d at 229. In *United States v. Foley*, we held that a PSR contained a bare arrest record even where, as here, it described pending charges, not just a mere arrest. 946 F.3d at 687. Like an arrest, the fact that charges have been filed, without more, does not provide sufficient indicia of reliability. The presumption of innocence applies equally whether a person has been arrested or charged, and a criminal charge, like an arrest, need only be supported by probable cause, whereas facts relied on in sentencing must be supported by a preponderance of the evidence. *See Windless*, 719 F.3d at 420 ("Due process requires 'that sentencing facts . . . be established by a preponderance of the evidence.'" (quoting *Johnson*, 648 F.3d at 277)); *see also Illinois v. Gates*, 462 U.S. 213, 235 (1983) (distinguishing the preponderance of the evidence and probable cause standards). Because the information in Zarco-Beiza's PSR on the pending DWI charge bears no indicia of reliability, it is a "bare arrest" record.

Next, we must determine whether the district court relied on the bare arrest record at sentencing. The Government's contention that the district court gave no weight to the bare arrest record is contradicted by the record. At the sentencing hearing, the district court referred to the bare arrest record by stating, "And you were picked up on a DWI that [your attorney] did

---

[5] Evidently, the probation officer also believed the information in the PSR was insufficient, as it notes that "[o]ffense details have been requested and are pending receipt." There is no evidence in the record that further details were ever received or presented to the district court.

reference in June of this year." Shortly thereafter the court referenced the pending DWI charge again: "And then it also causes the Court concern that you have on your record already a DWI and you were arrested for a DWI, and that is a charge that is pending." Significantly, in the one-sentence written statement of reasons, the district court specifically noted that it was considering Zarco-Beiza's "criminal history to include his pending driving while intoxicated charge."[6] The district court's comments at the sentencing hearing and in the statement of reasons demonstrate that the pending DWI charge was at least one factor the district court relied upon at sentencing.

The district court's reliance on the bare arrest record was error. Given our repeated and unequivocal prohibition on such reliance, that error was plain.

However, at the third prong of plain error review, Zarco-Beiza has not "demonstrated a reasonable probability that he would have received a lesser sentence but for the court's consideration of his 'bare' arrest record." *United States v. Williams*, 620 F.3d at 496. The district court judge stated at the sentencing hearing, "I've considered the need to provide for the safety of the community. And as to that factor, in particular your history of driving while intoxicated, *even aside from the pending charge* for that, the Court also considers the need to deter further criminal conduct." The district court's avowal that "even aside from the pending charge" it would have imposed the same sentence may not be dispositive on its own. *See Johnson*, 648 F.3d at 279-80 (holding that reliance on the bare arrest record was not harmless even where the district court stated that "the sentence is not based on the arrests"). But a review of the sentencing hearing as a whole makes clear that

---

[6] This is significant because, at sentencing, Zarco-Beiza first raised the issue of his pending charge, making some responsive comment from the court understandable.

the district court's primary motivation for imposing the upward variance was Zarco-Beiza's history of re-entering the United States after being deported.

The district court repeated its concern about Zarco-Beiza's immigration history, stating at various points: "[I]t is wrong to [support a family] by violating our immigration laws. And at some point in time, Mr. Zarco, you have to accept that. And you haven't and I am not convinced that you are going to even hereafter," "And I'm just convinced that a sentence within the Guideline range is not sufficient here because you've already received, as we've noted, you know, a sentence of 65 months in custody and that didn't do it," and "Because whether you like it or not, it is an offense to re-enter this country illegally after you have been deported. And the Court considers the need to promote further respect for the law, again for the same reason, that you have repeatedly disregarded our immigration laws."

Most significantly, the district court emphasized that it was imposing the same sentence that Zarco-Beiza received for his prior illegal re-entry conviction: "I think it would be appropriate to sentence you to the same term, that is another term of 65 months in custody. And hopefully, this time, Mr. Zarco, that will do it." Given the district court's emphasis on Zarco-Beiza's immigration history, and in particular the decision to impose the same 65-month sentence Zarco-Beiza had received previously, we cannot say that there is a "reasonable probability" that the district court would have imposed a lesser sentence absent consideration of the bare arrest record. *Williams*, 620 F.3d at 496.

Zarco-Beiza argues that this case is similar to *Johnson*, where the district court discussed past arrests in the written statement of reasons and at the sentencing hearing, but specifically stated it was not basing the sentence on those past arrests, while focusing primarily on "the circumstances of the instant offense." *Johnson*, 648 F.3d at 275. Based on

No. 21-40060

that record, we were "left uncertain as to whether the district court would have imposed the same sentence absent the arrests" and vacated the sentence. *Id.* at 278. While the facts in *Johnson* are similar to the instant case, the standard of review is not. There, we reviewed for abuse of discretion, so the burden was on the Government to prove harmlessness. *Id.* Here, on plain error review, the burden is on Zarco-Beiza. *See Williams*, 620 F.3d at 496; *Johnson*, 648 F.3d at 278 n.12 (distinguishing *Williams* on standard of review).

## IV.

We conclude that the district court committed error by relying on a bare arrest record at sentencing. Though that error was plain, it did not affect Zarco-Beiza's substantial rights because he cannot show that he would have received a lesser sentence absent the error. Therefore, Zarco-Beiza's sentence is AFFIRMED.