# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
March 28, 2022

Lyle W. Cayce
Clerk

No. 21-50565
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

KARL EDWARD BUTLER,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:01-CR-124-2

Before SOUTHWICK, OLDHAM, and WILSON, *Circuit Judges*.

PER CURIAM:*

Karl Edward Butler appeals the sentence imposed upon revocation of his supervised release. He contends that the district court erred in relying on a bare allegation to determine that he committed a Grade A violation of his conditions of supervision. As Butler acknowledges, because he failed to raise

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 21-50565

this argument in the district court, our review is for plain error only.  *See Puckett v. United States*, 556 U.S. 129, 135 (2009).

We have held "that it is error for a district court to rely on a bare arrest record at sentencing because it does not provide sufficient indicia of reliability to satisfy due process."  *United States v. Zarco-Beiza*, 24 F.4th 477, 482 (5th Cir. 2022) (internal quotation marks and citation omitted).  Further, a district court errs "when it relies on a bare allegation of a new law violation contained in a revocation petition."  *United States v. Foley*, 946 F.3d 681, 687 (5th Cir. 2020).  There is more here, though, than a bare arrest record or a claim in a revocation petition.  The extra is what Butler himself admitted.

One of Butler's alleged violations of his conditions of supervision involved his arrest and charge for a state offense in 2020.  Butler pled true to this allegation and admitted conduct underlying the arrest.  Although he argues that his admissions were insufficient to support reliance as to one aspect of the offense charged, he fails to show an error that is "clear or obvious."  *Puckett*, 556 U.S. at 135.  Accordingly, the district court's judgment is AFFIRMED.