# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
September 9, 2022

Lyle W. Cayce
Clerk

No. 21-11132
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

DANNY LEE GOLLIHUGH,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Northern District of Texas
No. 5:21-CR-7-1

Before SMITH, DENNIS, and SOUTHWICK, *Circuit Judges*.

PER CURIAM:*

Danny Gollihugh pleaded guilty of possessing an unregistered firearm and was sentenced, above the advisory guidelines range, to 84 months of imprisonment. Gollihugh contends that the district court erred in relying on his pending criminal charges in determining that an upward variance was

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

warranted.  In this regard, the presentence report ("PSR") listed pending criminal charges related to (1) harassment and menacing in Colorado, (2) a shootout that was also considered relevant conduct for the instant offense, (3) drug possession, and (4) firearm possession.

We assume, without deciding, that Gollihugh preserved his arguments generally challenging the district court's reliance on his pending charges and, more specifically, questioning the evidence supporting his guilt for his pending Colorado assault-related charges and his shootout-related charges.  *See United States v. Rodriguez*, 602 F.3d 346, 361 (5th Cir. 2010).  But because, in the district court, Gollihugh raised no specific argument related to the reliability of the information supporting his drug and firearm possession charges, we review those challenges for plain error only.  *See United States v. Zarco-Beiza*, 24 F.4th 477, 480–82 & n.4 (5th Cir. 2022).

To demonstrate plain error, Gollihugh must show, *inter alia*, a forfeited error that is clear or obvious.  *See Puckett v. United States*, 556 U.S. 129, 135 (2009).  If he makes that showing, we have discretion to remedy the error "only if [it] seriously affect[s] the fairness, integrity or public reputation of judicial proceedings."  *Id.* (internal quotation marks and citation omitted).

We review claims of procedural error *de novo* and the district court's factual findings for clear error.  *United States v. Harris*, 702 F.3d 226, 229 (5th Cir. 2012).  "[S]entencing facts must be established by a preponderance of the evidence."  *United States v. Johnson*, 648 F.3d 273, 277 (5th Cir. 2011).

"It is well-established that prior criminal conduct not resulting in a conviction may be considered by the sentencing judge."  *United States v. Lopez-Velasquez*, 526 F.3d 804, 807 (5th Cir. 2008).  But "arrests, standing alone, do not constitute reliable information for sentencing purposes."  *Johnson*, 648 F.3d at 276 (internal quotation marks, citation, and brackets omit-

ted).  "When the PSR also contains a factual recitation of the defendant's conduct that gave rise to a prior unadjudicated arrest," the district court can consider the information if "that factual recitation has an adequate evidentiary basis with sufficient indicia of reliability." *Harris*, 702 F.3d at 231.  If the factual recitation is sufficiently reliable, the defendant must offer rebuttal evidence. *Harris*, 702 F.3d at 230.  And "even when a PSR provides a more detailed factual recitation of the conduct underlying an arrest, if that recitation lacks sufficient indicia of reliability then it is error for the district court to consider it at sentencing—regardless of whether the defendant objects or offers rebuttal evidence." *United States v. Fields*, 932 F.3d 316, 320 (5th Cir. 2019) (internal quotation marks and citation omitted).

The PSR contained detailed factual recitations of the events and investigations leading to the pending charges.  Thus, Gollihugh's general suggestion that the district court improperly relied merely on the fact that he was arrested and charged with those offenses lacks merit. *See Fields*, 932 F.3d at 320–24.

Gollihugh's theories about his specific pending charges also fail.  First, the record does not show that in determining the sentence, the district court relied on a finding that Gollihugh committed the Colorado harassment and menacing offenses or on the conduct underlying them.  Thus, there was no error related to those charges.  Second, the court considered Gollihugh's conduct during the shootout—specifically, that he brandished a gun and attempted to fire it—both as part of the nature and circumstances of the instant offense and as part of Gollihugh's history and characteristics.  In light of the circumstances and the fact that Gollihugh presented no rebuttal evidence, the district court did not err in determining that Gollihugh's proffered self-defense argument did not prevent the district court from considering this conduct. *See Harris*, 702 F.3d at 230.

No. 21-11132

Third, contrary to Gollihugh's contentions, the district court appropriately credited the PSR's factual recitation, which was derived from police reports, related to his drug possession charge. *See Fields*, 932 F.3d at 320. Thus, the court did not plainly err in relying on that information. *See Puckett*, 556 U.S. at 135. Fourth, and finally, Gollihugh fails to show that the district court committed a clear or obvious error in finding that the facts described in the PSR demonstrated, by a preponderance of the evidence, that Gollihugh possessed a firearm as alleged in another pending charge. *See id.*; *Johnson*, 648 F.3d at 277; *United States v. Huntsberry*, 956 F.3d 270, 279 (5th Cir. 2020) (describing standard for constructive possession of firearm).

AFFIRMED.