# United States Court of Appeals
# for the Fifth Circuit

---

No. 22-20090
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**
January 13, 2023

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Michael Gonzales, Jr.,

*Defendant—Appellant*,

consolidated with

---

No. 22-20092

---

United States of America,

*Plaintiff—Appellee*,

*versus*

Michael Gonzalez, Jr.,

*Defendant—Appellant*.

No. 22-20090
c/w No. 22-20092

_____

Appeals from the United States District Court
for the Southern District of Texas
USDC Nos. 4:20-CR-420-1, 4:17-CR-499-1

_____

Before SMITH, SOUTHWICK, and DOUGLAS, *Circuit Judges.*
PER CURIAM:[*]

Michael Gonzales, Jr., appeals following the district court's revocation of his terms of supervised release imposed on prior drug and escape convictions, arguing that the district court imposed procedurally and substantively unreasonable sentences. Specifically, Gonzales argues that the district court found that he committed two of the multiple violations that led to the revocation of his supervised release based on insufficient evidence and, therefore, imposed procedurally and substantively unreasonable sentences by relying on those violations in making its sentencing decision. These specific sentencing claims were not preserved in the district court and we therefore review for plain error. *See United States v. Zarco-Beiza*, 24 F.4th 477, 480-82 (5th Cir. 2022); *United States v. Nesmith*, 866 F.3d 677, 679 (5th Cir. 2017); *see also Puckett v. United States*, 556 U.S. 129, 135 (2009).

Even assuming arguendo that there was insufficient evidence for the district court to find by a preponderance that Gonzales violated the two contested conditions of supervised release, in light of the testimony at the revocation hearing regarding his underlying conduct and the reasons for the sentences articulated by the district court, we are unpersuaded that Gonzales has demonstrated any effect on his substantial rights. *See United States v. Foley*, 946 F.3d 681, 685-88 (5th Cir. 2020); *see also Puckett*, 556 U.S. at 135. The judgments of the district court are therefore AFFIRMED.

_____

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

No. 22-20090
c/w No. 22-20092

Lastly, Gonzales argues that there is a clerical error in the written judgment for the revocation of supervised release in his escape case. The written judgment does not accurately describe the violations which were the basis for the revocation of his supervised release in that case. Accordingly, we REMAND for correction of the written judgment in accordance with Federal Rule of Criminal Procedure 36.