# United States Court of Appeals
# for the Fifth Circuit

―――――――――

No. 23-30342
Summary Calendar

―――――――――

United States Court of Appeals
Fifth Circuit

**FILED**
January 23, 2024

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Charles D. Cloud,

*Defendant—Appellant*.

―――――――――――――――――――――

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 5:10-CR-256-4

―――――――――――――――――――――

Before Higginbotham, Stewart, and Southwick, *Circuit Judges*.

Per Curiam:[*]

Charles D. Cloud appeals the 36-month, above-guidelines sentence imposed following the revocation of his supervised release. He contends that his sentence is substantively unreasonable because the district court improperly based its sentence on the seriousness of his underlying violations.

―――――――――――――――――

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 23-30342

Although Cloud's request for a lesser sentence in the district court was sufficient to preserve a general substantive reasonableness claim, *see Holguin-Hernandez v. United States*, 140 S. Ct. 762, 766-67 (2020), it was not sufficient to preserve the specific claim that the court relied on an improper factor in its sentencing decision, *see United States v. Zarco-Beiza*, 24 F.4th 477, 481-82 (5th Cir. 2022). Accordingly, we review his specific substantive reasonableness claim for plain error only. *Puckett v. United States*, 556 U.S. 129, 135 (2009).

The district court found at sentencing that Cloud pleaded guilty to misdemeanor charges arising from an incident in which he shot a man who was arguing with a woman outside of Cloud's residence.[1] The court stated that a 36-month sentence was necessary to prevent future criminal activity and protect the public from Cloud's further crimes. It is therefore clear from the record that the court considered Cloud's violation conduct in the context of "his propensity to commit future crimes and/or threaten public safety," which are "permissible purposes of a revocation sentence." *United States v. Sanchez*, 900 F.3d 678, 685 (5th Cir. 2018). Accordingly, Cloud fails to show the court committed clear or obvious error. *See Puckett*, 556 U.S. at 135.

Insofar as Cloud generally challenges the extent of the upward variance, we review his preserved argument for an abuse of discretion. *See Sanchez*, 900 F.3d at 685. Cloud fails to show the district court abused its discretion in imposing the 36-month sentence. This is well within the range of upward variances that we have previously affirmed. *See, e.g.*, *United States v. Kippers*, 685 F.3d 491, 500-01 (5th Cir. 2012).

_____

[1] To the extent that Cloud's counseled brief can be interpreted as attempting to challenge the court's reliance on police reports in making this finding, Cloud has abandoned any such challenge by failing to brief it. *See United States v. Scroggins*, 599 F.3d 433, 446-47 (5th Cir. 2010); *see also Beasley v. McCotter*, 798 F.2d 116, 118 (5th Cir. 1986).

No. 23-30342

The district court's judgment is AFFIRMED.