# United States Court of Appeals for the Fifth Circuit

_____

No. 23-10458
Summary Calendar

_____

United States Court of Appeals
Fifth Circuit

**FILED**
March 13, 2024

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

MARTIN OCHOA-PEREZ,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 2:22-CR-68-1

_____

Before JOLLY, ENGELHARDT, and DOUGLAS, *Circuit Judges*.

PER CURIAM:[*]

Martin Ochoa-Perez, under a written agreement, pleaded guilty to illegal reentry following a prior removal, in violation of 8 U.S.C. § 1326(a) and (b)(1). His 115-month prison sentence was within the advisory guidelines sentencing range. Ochoa-Perez has timely appealed this sentence.

_____

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

No. 23-10458

Ochoa-Perez first argues that the district court's treatment of his prior convictions as a sentencing factor rather than an element of the offense under § 1326(b)(1) violated the Sixth Amendment. He concedes, however, that this argument is foreclosed by *Almendarez-Torres v. United States*, 523 U.S. 224, 226-27 (1998). He raises the issue only to preserve it for possible further review.

Ochoa-Perez next challenges the substantive reasonableness of his within-guidelines sentence. Such a sentence is presumptively reasonable. *See United States v. Hernandez*, 876 F.3d 161, 166 (5th Cir. 2017). In challenging the substantive reasonableness of his sentence, however, he assigns two points of error: (1) the district court erroneously found that his prior Texas convictions for delivery of a controlled substance under Texas Health and Safety Code § 481.112(a) were aggravated felonies under 8 U.S.C. § 1101(a)(43)(B), and (2) the district court improperly sentenced him at the top end of the guidelines range because the district court considered his "reduced sentencing exposure".[1] In other words, Ochoa-Perez asserts that he should have received a sentence at the bottom of the guidelines range and the district court erred by sentencing him to the top end of guidelines range. He attributes this error to the district court's passing comment that his attorney reduced his sentencing exposure.

As Ochoa-Perez concedes, our review is for plain error. *See United States v. Zarco-Beiza*, 24 F.4th 477, 481-82 (5th Cir. 2022). Our review persuades us that the district court did not clearly err in observing that

---

[1] The presentence report ("PSR") noted that Ochoa-Perez could have faced a maximum penalty of twenty years imprisonment pursuant to § 1326(b)(2). He avoided this lengthy sentencing provision by agreeing to plead to § 1326(b)(1), a statute that was also applicable but provided for only ten years imprisonment. Ochoa-Perez is correct that the district court, at the sentencing hearing, noted that Ochoa-Perez's attorney had negotiated with the government a plea bargain with the lesser penalty.

Ochoa-Perez could have been sentenced to a 240-month maximum under § 1326(b)(2) absent the terms of his plea agreement because his convictions under § 481.112(a) are aggravated felonies. *See Puckett v. United States*, 556 U.S. 129, 135 (2009); *Ochoa-Salgado v. Garland*, 5 F.4th 615, 620–22 (5th Cir. 2021); *Alexis v. Barr*, 960 F.3d 722, 726–29 (5th Cir. 2020). To be clear, Ochoa-Perez was neither indicted nor sentenced under § 1326(b)(2). The PSR and the district court merely noted that, based on Ochoa-Perez's prior convictions under § 481.112(a), he could have been indicted under this statute.

Additionally, Ochoa-Perez has not shown that the district court's consideration of his reduced sentence under § 1326(b)(1) was clearly erroneous. *See United States v. Gozes-Wagner*, 977 F.3d 323, 348 (5th Cir. 2020); *United States v. Dunigan*, 555 F.3d 501, 506 (5th Cir. 2009). Ochoa-Perez speculates that he received a sentence at the higher end of the guidelines range because the district court commended his attorney for negotiating a plea bargain that reduced the maximum penalty he faced from 240 months to 120 months. This factor, he alleges, influenced the judge to sentence him at the top end of the guidelines range.[2] This argument, however, lacks support from the record.

The district court properly relied on the 18 U.S.C. § 3553(a) factors to determine the proper sentence. In explaining its choice of sentence, the district court identified three aggravating § 3553(a) factors: Ochoa-Perez's criminal history, the nature and circumstances of the offense, and providing just punishment for the offense. The district court stated that it had balanced

---

[2] According to the PSR, the calculated range of imprisonment was 92–115 months under the Sentencing Guidelines. As we noted above, the district court sentenced Ochoa-Perez to an imprisonment term of 115 months.

those factors with other, "significant mitigating factors" and imposed the sentence it felt was appropriate irrespective of the advisory guidelines range.

On plain-error review, Ochoa-Perez has not met his burden of overcoming the presumption of reasonableness afforded to his within-guidelines sentence. *See Puckett*, 556 U.S. at 135; *Hernandez*, 876 F.3d at 166; *United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009). Nor has he shown that any error affected his substantial rights. *See United States v. Escalante-Reyes*, 689 F.3d 415, 424 (5th Cir. 2012) (en banc). Accordingly, the judgment of the district court is, in all respects,

AFFIRMED.