# United States Court of Appeals
# for the Fifth Circuit

———————————

No. 23-30603
Summary Calendar

———————————

United States Court of Appeals
Fifth Circuit

**FILED**
March 19, 2024

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Mark Edward Fee,

*Defendant—Appellant*.

———————————————————————

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 2:22-CR-272-1

———————————————————————

Before Jolly, Smith, and Higginson, *Circuit Judges*.

Per Curiam:[*]

Mark Edward Fee appeals his above-guidelines sentence of 84 months of imprisonment for being a felon in possession of a firearm and ammunition. He contends that his sentence was substantively unreasonable because the district court placed undue weight on his offense conduct and criminal history and failed to consider his mitigation arguments.

———————————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 23-30603

Because Fee properly preserved his challenge, our review is for abuse of discretion. *See United States v. Zarco-Beiza*, 24 F.4th 477, 480-81 (5th Cir. 2022). When reviewing a non-guidelines sentence for substantive reasonableness, we consider the totality of the circumstances to determine whether the sentencing factors in 18 U.S.C. § 3553(a) support the sentence. *United States v. Gerezano-Rosales*, 692 F.3d 393, 400 (5th Cir. 2012). In doing so, "we must give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance." *Id.* at 401 (internal quotation marks and citation omitted).

In this case, the district court considered Fee's mitigating circumstances, including Fee's chaotic childhood, his long battle with drug addiction, and the fact that his criminal history, while lengthy, only included one felony conviction, and that for several years, he had not obtained any new convictions other than traffic violations.

Nonetheless, the district court concluded that the upward variance was warranted based on its consideration of the sentencing factors in § 3553(a), particularly the nature and circumstances of the offense, the history and characteristics of the defendant, and the need for the sentence to reflect the seriousness of the offense. *See* 18 U.S.C. § 3553(a)(1), (a)(2)(A). Specifically, the district court characterized Fee's offense conduct as "pretty violent," highlighting the threats that Fee had made against the mother of his son, which included threats to kill her and to take the son from school. In addition, Fee had sent her pictures of himself outside of her residence and a picture of himself holding a rifle and magazine. Moreover, as the district court noted, Fee's overall criminal history contained "many instances of violent offenses," including domestic abuse/child endangerment, domestic abuse battery, simple battery, and second degree battery.

Although Fee disagrees with how the district court balanced those

2

No. 23-30603

§ 3553(a) factors, his "argument that these factors should have been weighed differently is not a sufficient ground for reversal." *United States v. Malone*, 828 F.3d 331, 342 (5th Cir. 2016).

The judgment of the district court is AFFIRMED.