# United States Court of Appeals
# for the Fifth Circuit

---

No. 23-30535
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**

March 22, 2024

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Courvisier U. Glover,

*Defendant—Appellant*.

---

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 5:22-CR-291-2

---

Before King, Haynes, and Graves, *Circuit Judges*.

Per Curiam:[*]

Courvisier U. Glover appeals his sentence of 32 months of imprisonment for possession of a firearm by a felon. He argues that his sentence was unreasonable in light of a subsequently adopted amendment to the Sentencing Guidelines and the 18 U.S.C. § 3553(a) factors.

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

Glover preserved his general substantive reasonableness challenge, which we review for abuse of discretion. *See Holguin-Hernandez v. United States*, 140 S. Ct. 762, 766-67 (2020). We presume that a within-guidelines sentence, such as this one, is reasonable. *See United States v. Hernandez*, 876 F.3d 161, 166 (5th Cir. 2017). A defendant may rebut this reasonableness presumption by showing that the sentence does not account for a factor that should receive significant weight, gives significant weight to an irrelevant or improper factor, or represents a clear error of judgment in balancing the sentencing factors. *Id.*

To the extent that Glover contends that the district court should have applied the then-forthcoming amendment to the Guidelines, we review for plain error, *see United States v. Zarco-Beiza*, 24 F.4th 477, 481-82 (5th Cir. 2022), and he has not demonstrated error, plain or otherwise, in the application of the Sentencing Guidelines that were in effect at the time of the offense and sentencing, *see United States v. Rodarte-Vasquez*, 488 F.3d 316, 322 (5th Cir. 2007). Nor has he shown that Amendment 821 to the Sentencing Guidelines was merely clarifying and should therefore be considered on direct appeal. *See United States v. Huff*, 370 F.3d 454, 465-66 (5th Cir. 2004). Several § 3553(a) factors supported the sentence. Glover's arguments—including his contention that his criminal history category over-represented the significance of his prior convictions—fail to rebut the presumption of reasonableness attached to his within-guidelines sentence. *See Hernandez*, 876 F.3d at 166.

AFFIRMED.