# United States Court of Appeals for the Fifth Circuit

---

No. 23-10973
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**

May 8, 2024

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

EDGAR ALONSO ESPARZA-RODRIGUEZ,

*Defendant—Appellant*.

---

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:23-CR-151-1

---

Before HIGGINSON, HO, and ENGELHARDT, *Circuit Judges*.

PER CURIAM:[*]

Edgar Alonso Esparza-Rodriguez pleaded guilty to illegal reentry and was sentenced to 24 months of imprisonment, a term 10 months above the top of the guidelines range. He appeals, arguing that this sentence is unreasonable. Although Esparza-Rodriguez suggests in passing that his challenge to the sentence implicates Federal Rule of Criminal Procedure 32,

---

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

he has abandoned this issue by failing to brief it. *See United States v. Scroggins*, 599 F.3d 433, 446-47 (5th Cir. 2010).

In reviewing a sentence for reasonableness, this court "must first ensure that the district court committed no significant procedural error" before turning to the issue of substantive reasonableness. *Gall v. United States*, 552 U.S. 38, 51 (2007). Esparza-Rodriguez suggests the district court should have explained whether it accepted that statements in his allocution and his counsel's argument proved he was coerced into committing his offense. Because he failed to raise this issue in the district court, our review is for plain error. *See United States v. Mondragon-Santiago*, 564 F.3d 357, 361 (5th Cir. 2009).

A sentencing judge "must adequately explain the chosen sentence to allow for meaningful appellate review and to promote the perception of fair sentencing." *Gall*, 552 U.S. at 51. Here, after adopting the presentence report and hearing argument for a guidelines sentence, the district court explained that in view of Esparza-Rodriguez's criminal history and pattern of illegal reentry, it found an upward variance necessary to protect the public and deter future crime. The court's reasoning is sufficiently clear on this record. More might have been said, but Esparza-Rodriguez does not show that more was required. His procedural challenge accordingly fails. *See id.*

Esparza-Rodriguez challenges the substantive reasonableness of his sentence on the grounds that the district court placed too much weight on his criminal history and not enough on mitigating factors, particularly his experience of coercion. We review this issue for abuse of discretion. *See United States v. Zarco-Beiza*, 24 F.4th 477, 481-82 (5th Cir. 2022). With respect to coercion, Esparza-Rodriguez fails to show that the district court was required to accept facts about the offense asserted for the first and only time in vague and unsworn statements. *See, e.g.*, *United States v. Buenrostro*,

No. 23-10973

868 F.2d 135, 138 (5th Cir. 1989); *United States v. Alfaro*, 919 F.2d 962, 966 (5th Cir. 1990). His remaining arguments suggest only that the court should have weighed the sentencing factors differently, which is insufficient to justify reversal. *See Gall*, 552 U.S. at 51.

AFFIRMED.