# United States Court of Appeals for the Fifth Circuit

———————————

No. 24-30565
Summary Calendar

———————————

United States Court of Appeals
Fifth Circuit

**FILED**

October 27, 2025

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Drapper Lavar Anthony, Jr.,

*Defendant—Appellant*.

———————————————————————

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 6:23-CR-142-3

———————————————————————

Before Wiener, Willett, and Wilson, *Circuit Judges*.

Per Curiam:[*]

Defendant-Appellant Drapper Lavar Anthony, Jr., pleaded guilty to conspiracy to (1) commit kidnapping, (2) transmission of interstate communications with intent to extort, and (3) aiding and abetting that offense. The district court sentenced him within the guidelines range to concurrent sentences of 240 months in prison as to each count of conviction.

———————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 24-30565

The district court also imposed a five-year term of supervised release for the conspiracy to commit kidnapping, and a three-year term of supervised release for the transmission of interstate communications with intent to extort. Those terms were ordered to run concurrently. Anthony appeals his conviction and sentence.

Anthony asserts for the first time on appeal that the sentence imposed was procedurally and substantively unreasonable because at sentencing the district court relied upon the bare arrest records of past incidents that did not result in convictions. While the record suggests that the district court plainly erred by considering a bare arrest record in selecting Anthony's sentence, the record also establishes that the district court considered and gave significant weight to various sentencing factors set forth in 18 U.S.C. § 3553(a). Anthony also fails to address whether this error, even if plain, was harmless. Because he has not made the requisite showing of a reasonable probability that he would have received a lesser sentence but for the district court's consideration of the arrest, Anthony has not established that the error affected his substantial rights. *See United States v. Zarco-Beiza*, 24 F.4th 477, 483-84 (5th Cir. 2022).

Anthony also maintains that the district court erred procedurally because the court relied on the incorrect finding that he was instrumental in planning and orchestrating the crimes. His suggestion that the finding was based solely on a pleading that was filed in connection with the sentencing of a coconspirator is not supported by the record and is speculative. But the record otherwise supports that he had a meaningful role in the development and execution of the plot underlying the crimes and that the finding of the district court was plausible in light of the whole record. Therefore, Anthony has not established that the district court committed procedural error by basing his sentence on clearly erroneous findings of fact. *See Gall v. United*

No. 24-30565

*States*, 552 U.S. 38, 51 (2007); *United States v. Rodriguez*, 630 F.3d 377, 380 (5th Cir. 2011).

Anthony also insists that his sentence was substantively unreasonable because the district court did not properly consider that his sentence created an unjustified sentencing disparity among similarly situated defendants. His claim, which we review for abuse of discretion, *see Gall*, 552 U.S. at 51, is unavailing. To the extent that Anthony relies on national data, he has failed to show that he is similarly situated to a defendant who received a lesser sentence in a particular case reflected in the national statistics. The nationwide data is therefore irrelevant. *See United States v. Naidoo*, 995 F.3d 367, 383 (5th Cir. 2021); *United States v. Willingham*, 497 F.3d 541, 544-45 (5th Cir. 2007). Moreover, Anthony has not shown an unwarranted sentencing disparity based on the sentence received by a coconspirator because he fails to establish that the disparity in the sentences—based on dissimilar offense conduct and roles in the crimes—was not justified. *See* 18 U.S.C. § 3553(a)(6); *United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009). To the extent that Anthony simply disagrees with the district court's evaluation of § 3553(a) factors, and especially with the weight given to the need to avoid unwarranted sentencing disparities, he has failed to rebut the presumption of reasonableness attached to his within-guidelines sentence. *See United States v. Diaz*, 637 F.3d 592, 604 (5th Cir. 2011); *United States v. Ruiz*, 621 F.3d 390, 398 (5th Cir. 2010).

Finally, Anthony contends, for the first time on appeal, that the district court erred by not informing him that he was subject to a five-year maximum term of supervised release for his conspiracy to commit kidnapping offense. While the record supports that the district court clearly and obviously erred by not complying with Federal Rule of Criminal Procedure 11(b)(1)(H) in this regard, Anthony has failed to show a reasonable probability that he would not have pleaded guilty but for this error. *See*

3

No. 24-30565

*United States v. Alvarado-Casas*, 715 F.3d 945, 953 (5th Cir. 2013). Accordingly, he has not shown an effect on his substantial rights. *See id.* The judgment of the district court is AFFIRMED.