# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

November 20, 2025

Lyle W. Cayce
Clerk

No. 25-60172
Summary Calendar

—————————

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

AUSTIN HUDSON,

*Defendant—Appellant*.

———————————————————

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 1:24-CR-83-1

———————————————————

Before KING, HAYNES, and HO, *Circuit Judges*.

PER CURIAM:[*]

Austin Hudson appeals the 60-month, above-guidelines sentence imposed following his conviction for possessing and transferring a machinegun, a violation of 18 U.S.C. § 922(o).  Hudson argues that the sentence is substantively unreasonable because the district court impermissibly relied on the presentence report's (PSR) bare and unreliable

———————————————————

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

account of his pending state charges.  He also argues that his sentence is substantively unreasonable because the district court did not properly weigh the 18 U.S.C. § 3553(a) sentencing factors.

We review Hudson's unpreserved challenges to the district court's consideration of his pending charges for plain error.  *See United States v. Zarco-Beiza*, 24 F.4th 477, 481-82 (5th Cir. 2022).  Hudson has not established that the PSR's descriptions of those charges amounted to bare arrest records.  *See United States v. Reyna-Aragon*, 992 F.3d 381, 390-91 (5th Cir. 2021); *United States v. Harris*, 702 F.3d 226, 229-31 (5th Cir. 2012).  He likewise has not established that the PSR's descriptions of his pending charges lacked an adequate evidentiary basis or lacked sufficient indicia of reliability.  *See Harris*, 702 F.3d at 230-31; *United States v. Parkerson*, 984 F.3d 1124, 1129-30 (5th Cir. 2021).  Accordingly, Hudson cannot show that the district court clearly or obviously erred by relying on the PSR's account of his pending charges during the sentencing process.  *See Puckett v. United States*, 556 U.S. 129, 135 (2009).

Hudson's preserved general challenge to the substantive reasonableness of his sentence is reviewed for abuse of discretion.  *See Zarco-Beiza*, 24 F.4th at 480-81.  The district court provided sufficient justification to support the above-guidelines sentence, and Hudson has not established that the court abused its discretion when assigning weight to specific sentencing factors.  *See United States v. Smith*, 440 F.3d 704, 708-10 (5th Cir. 2006); *United States v. Lopez-Velasquez*, 526 F.3d 804, 806 (5th Cir. 2008).

AFFIRMED.