# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

February 3, 2026

Lyle W. Cayce
Clerk

_____

No. 24-11077

_____

United States of America,

*Plaintiff—Appellee*,

*versus*

Gustavo Adrian Lopez-Soria,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 2:24-CR-41-1

_____

Before Dennis, Graves, and Duncan, *Circuit Judges*.

Stuart Kyle Duncan, *Circuit Judge*:[*]

Gustavo Lopez-Soria challenges his 86-month sentence for illegal reentry on procedural and substantive grounds because the district court misstated two facts about his extensive criminal history. We AFFIRM.

I

In July 2024, Lopez-Soria pled guilty of illegally reentering the United States after being deported in violation of 8 U.S.C. § 1326(a) and (b)(1). The

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 24-11077

Presentence Investigation Report (PSR) stated that Lopez-Soria had been removed from the United States twice: in March 2018 and May 2020. It also recounted his seven criminal convictions—three for drug possession, one for identity fraud, one for escape, one for unlawful reentry, and one for failing to identify and giving false identifying information.

Four of these crimes—the escape, identity fraud, and two drug convictions—were committed before Lopez-Soria's first removal in 2018. After that, he illegally returned to the United States and was convicted for unlawful reentry, resulting in his second removal in May 2020. After he illegally returned once more, he was convicted of his third drug crime and for failing to identify while giving false information. All told, Lopez-Soria committed four crimes before his first removal in 2018 and two more after his second removal in 2020.

At sentencing, the district court adopted the PSR without objection and sentenced Lopez-Soria to a within-guidelines sentence of 86 months' imprisonment and three years' supervised release. In support, the district court referenced three § 3553(a) factors: Lopez-Soria's history and characteristics; the nature and circumstances of the offense; and the need to promote respect for the law.

First, as to the history and characteristics, the court noted Lopez-Soria's illegal reentry conviction, his refusal to respect the United States's sovereignty, his prior escape and drug convictions, and his "three prior removals." Next, as to the nature and circumstances of the offense, the court observed that Lopez-Soria illegally entered the United States after possessing drugs, continued to violate our Nation's sovereignty, and committed "new criminal offenses each time he illegally return[ed] to the country." Finally, as to the need to promote respect for the law, the district court reiterated that Lopez-Soria "repeatedly entered and reentered the

No. 24-11077

United States illegally" and committed "new criminal offenses each time he enter[ed]."

Lopez-Soria did not object to his sentence or to the district court's statement of reasons. He timely appealed.

II

We review "sentencing decisions for reasonableness" in two steps. *United States v. Nguyen*, 854 F.3d 276, 280 (5th Cir. 2017). First, we examine whether the district court committed significant procedural error. *Ibid.* If it did not, we examine the sentence's substantive reasonableness. *Ibid.*; *United States v. Delgado-Martinez*, 564 F.3d 750, 752 (5th Cir. 2009).

Plain-error review applies if the defendant does not object at sentencing to procedural or substantive error. *United States v. Sepulveda*, 64 F.4th 700, 709 (5th Cir. 2023). To prevail, the defendant must show "(1) an error or defect that is (2) plain or obvious and that (3) affected his substantial rights." *United States v. Wilson*, 143 F.4th 647, 660 (5th Cir. 2025). If he succeeds, we may exercise our discretion to correct the error but should only do so if the error "seriously affects the fairness, integrity[,] or public reputation of judicial proceedings." *Id.* at 661 (quoting *Puckett v. United States*, 556 U.S. 129, 135 (2009)).

The parties agree that plain-error review applies here.

III

Lopez-Soria argues his sentence is procedurally and substantively unreasonable because the district court misstated two facts about his criminal history. He points to the court's statement that his criminal history included "three prior removals," when he was removed only twice, in 2018 and 2020. He also points to the statement that he committed new offenses "each time" he illegally entered. Lopez-Soria's crimes were committed before his first

removal in 2018 and after his second removal in 2020, but he was convicted of no new crimes between those dates. So, it was arguably inaccurate to say that Lopez-Soria committed new crimes "each time" he illegally entered.

Disagreeing, the Government argues that Lopez-Soria fails to show these two inaccuracies affected his substantial rights because there is no "reasonable probability that he would have received a lesser sentence had the district court considered the correct facts." *See United States v. Escalante-Reyes*, 689 F.3d 415, 424 (5th Cir. 2012) (en banc).

## A

We first consider whether the court committed significant procedural error. A court procedurally errs if it selects its sentence "based on clearly erroneous facts." *Gall v. United States*, 552 U.S. 38, 51 (2007).

We will assume, as the Government does, that Lopez-Soria has shown clear error based on the two inaccurate facts stated by the district court at sentencing. However, Lopez-Soria fails to satisfy plain-error review's third prong because he does not show the error affected his substantial rights.

"To affect the defendant's substantial rights, the defendant must demonstrate that the error affected the outcome of the district court proceedings." *Escalante-Reyes*, 689 F.3d at 424 (quoting *United States v. Broussard*, 669 F.3d 537, 553 (5th Cir. 2012)). For instance, an error may have so permeated the sentence that, without it, "there is a reasonable probability of a lower sentence on remand." *Ibid.*; *see also ibid.* (holding an error "loomed large" and was a "central part" of the court's explanation). But if the court offered a "lengthy and weighted discussion of other significant, permissible factors," then "the alleged error" will be less likely to make any difference. *United States v. Williams*, 620 F.3d 483, 495 (5th Cir. 2010).

We conclude that the two inaccurate facts did not affect the sentence. Those facts did not form a central part of the sentence because they arose amid a "weighted discussion of other significant, permissible factors." *Ibid.*

As to the first inaccuracy—that Lopez-Soria was removed three times instead of two—the district court mentioned it only once. Lopez-Soria counters that the error was multiplied by the district court's references to Lopez-Soria's refusal to "respect the United States's sovereignty." Not so. The district court could have readily concluded that *two* removals (or even one) also showed disrespect for our sovereignty. Lopez-Soria's counsel conceded this point at oral argument.

Furthermore, the one mistaken reference to the number of removals was nested within a concededly accurate discussion of Lopez-Soria's offenses. For instance, the court pointed to Lopez-Soria's prior conviction and prison term for unlawful reentry as well as his drug and escape convictions. And no one disputes that Lopez-Soria was in fact removed twice from the United States. A mistake as to three-versus-two removals did not "loom large" in the sentence. *Escalante-Reyes*, 689 F.3d at 424. It appeared only once amid other "significant, permissible factors." *Williams*, 620 F.3d at 495; *see also United States v. Garcia-Servin*, 846 F. App'x 294, 295 (5th Cir. 2021) ("There is no reasonably probable indication that the district court's reliance on only two prior removals, instead of three, would have resulted in a lesser sentence in the instant case." (citing *Williams*, 620 F.3d at 494)).

We reach the same conclusion as to the district court's apparent mistake about Lopez-Soria's criminal-history timeline. When discussing the § 3553(a) factors, the court twice stated Lopez-Soria committed new crimes "each time" he illegally reentered the country. To the extent that was a clear error, Lopez-Soria has not shown it affected his rights.

No. 24-11077

Like the prior inaccuracy, these two misstatements occurred amid the court's valid consideration of several other weighty factors—such as Lopez-Soria's convictions for drug possession, failure-to-identify, and illegal reentry. And the fact remains that Lopez-Soria concededly committed a total of seven crimes while illegally in the United States. So, the court's minor timeline error was not a "central part" of why it chose its sentence and could not have reasonably affected the outcome. *Cf. Escalante-Reyes*, 689 F.3d at 424 (vacating sentence when district court admitted the improper factor was the "basis" for its sentence).

Accordingly, we conclude that any clear procedural error arising out of the two inaccurate facts did not affect Lopez-Soria's substantial rights.

B

Based on the same asserted factual errors, Lopez-Soria also contends his sentence is substantively unreasonable, a challenge we also review for plain error. *United States v. Zarco-Beiza*, 24 F.4th 477, 480–82 (5th Cir. 2022). A within-guidelines sentence like Lopez-Soria's is presumed reasonable. *United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009). To rebut that presumption, Lopez-Soria must show the district court did not account for a factor that should have significant weight, gave significant weight to an improper or irrelevant factor, or clearly erred in balancing the sentencing factors. *Ibid.*

For the same reasons that Lopez-Soria's procedural argument fails, this substantive argument fails, too. As discussed, the district court gave several permissible reasons for its within-guidelines sentence. The two inaccuracies Lopez-Soria identifies did not significantly factor into that sentence. Accordingly, Lopez-Soria fails to show that the factual errors affected his substantial rights, as he must to prevail on plain-error review.

AFFIRMED.

No. 24-11077

Jᴀᴍᴇs L. Dᴇɴɴɪs, *Circuit Judge*, dissenting:

I respectfully dissent. The district court's reliance on false information "loomed large" at sentencing, as it repeatedly cited the incorrect number of removals alongside a misstatement of Lopez-Soria's criminal history. *See United States v. Escalante-Reyes*, 689 F.3d 415, 424 (5th Cir. 2012) (en banc). The court emphasized these "aggravating" factors in stating an intention to impose a maximum Guidelines' sentence, only later offsetting for time served. Because the sentence was influenced "to a considerable extent" by mistaken facts, *see United States v. Ibarra*, No. 24-20071, 2024 WL 5118485, at *3 (5th Cir. Dec. 16, 2024), I would vacate and remand for resentencing.