# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

March 9, 2026

Lyle W. Cayce
Clerk

No. 25-30367
Summary Calendar

───────────────

UNITED STATES OF AMERICA,

*Plaintiff—Appellee,*

*versus*

JAMES ZENO,

*Defendant—Appellant.*

───────────────

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 5:24-CR-150-1

───────────────

Before RICHMAN, SOUTHWICK, and WILLETT, *Circuit Judges.*

PER CURIAM:[*]

James Zeno pled guilty, pursuant to a written plea agreement, to one count of conspiracy to distribute methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii), and 846. The district court imposed a sentence of 282 months of imprisonment followed by five years of supervised release, within the range recommended by the Sentencing Guidelines. He filed a

───────────────

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

timely appeal, arguing that his sentence was substantively unreasonable. Although we question whether he preserved all his arguments, *see United States v. Zarco-Beiza*, 24 F.4th 477, 481-82 (5th Cir. 2022), we will review for abuse of discretion as he cannot prevail under that standard, *see United States v. Rodriguez*, 523 F.3d 519, 525 (5th Cir. 2008).

Where, as here, a sentence is within the recommended guidelines range, it is presumed reasonable. *See United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009). To overcome this presumption, Zeno must show "that the sentence does not account for a factor that should receive significant weight, it gives significant weight to an irrelevant or improper factor, or it represents a clear error of judgment in balancing sentencing factors." *Id.* Zeno contends that the district court gave too much weight to his criminal history and too little to mitigating factors such as his family relationships and history of substance abuse and rehabilitation. He also argues that the district court ignored information about sentencing averages, resulting in an unwarranted disparity. Our review of the record reveals that the district court adequately considered the factors Zeno claims it overlooked. *United States v. Sanchez*, 667 F.3d 555, 568 (5th Cir. 2012). Zeno's arguments are insufficient to overcome the presumption of reasonableness that attaches to his within-guidelines sentence. *See United States v. Illies*, 805 F.3d 607, 609-10 (5th Cir. 2015).

AFFIRMED.