# United States Court of Appeals for the Fifth Circuit

---

No. 25-50491
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**

March 11, 2026

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

KEVIN JOSUE ORELLANA-DURON,

*Defendant—Appellant*.

---

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:24-CR-3113-1

---

Before RICHMAN, SOUTHWICK, and WILLETT, *Circuit Judges*.

PER CURIAM:[*]

Kevin Josue Orellana-Duron pleaded guilty to illegal reentry, in violation of 8 U.S.C. § 1326. The Guidelines range was 21–27 months' imprisonment. The district court, however, sentenced him to 60 months, based on Orellana-Duron's extensive immigration and criminal history. As to immigration, Orellana-Duron had been convicted of illegal entry once and

---

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

illegal re-entry twice. Indeed, his last removal had preceded the instant illegal reentry offense by only three months. And for his criminal history, the district court pointed to Orellana-Duron's "violent tendency," as reflected in his prior convictions of assault, public intoxication, criminal mischief, assault, and petty larceny—the latter involving a threat to return to a local store with a machete if he was arrested.

Orellana-Duron now brings a preserved challenge to the substantive reasonableness of the sentence. He argues that the district court merely recited the 18 U.S.C. § 3553(a) factors, improperly relied on factors already considered by the Guidelines, and failed to provide any justification for a variance that more than doubled the Guidelines range.

We review a preserved claim of substantive unreasonableness for abuse of discretion, *United States v. Zarco-Beiza*, 24 F.4th 477, 480–81 (5th Cir. 2022), which requires us to consider "the totality of the circumstances, including the extent of any variance from the Guidelines range." *Gall v. United States*, 552 U.S. 38, 51 (2007). And we must be "highly deferential" to the district court "because the sentencing court is in a better position to find facts and judge their import." *United States v. Diehl*, 775 F.3d 714, 724 (5th Cir. 2015) (internal citation omitted).

Here, the district court "thoroughly and adequately articulated" the factors justifying the variance. *See United States v. Lopez-Velasquez*, 526 F.3d 804, 807 (5th Cir. 2008). Orellana-Duron's argument that the district court improperly relied on his criminal history when it was already accounted for in the Guidelines calculations is unavailing. We have rejected this double-counting argument before, noting that a "court is free" to conclude the guidelines range "gives too much or too little weight" to § 3553(a) factors—including the defendant's history and characteristics. *See Lopez-Velasquez*, 526 F.3d at 807; *see also* 18 U.S.C. § 3553(a)(1).

No. 25-50491

Although the variance here was significant, it is "commensurate with the individualized, case-specific reasons provided by the district court." *Diehl*, 775 F.3d at 724 (internal citation omitted). We have upheld similar or greater variances in the past. *See, e.g.*, *Lopez-Velasquez*, 526 F.3d at 806–07 (affirming a 72-month sentence where the Guidelines range was 24–30 months); *United States v. Herrera-Garduno*, 519 F.3d 526, 531–32 (5th Cir. 2008) (affirming a 60-month sentence where the Guidelines range was 21–27 months).

The district court therefore did not abuse its discretion.

AFFIRMED.