# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

April 5, 2021

Lyle W. Cayce
Clerk

No. 20-40401

United States of America,

*Plaintiff—Appellee*,

*versus*

Ivan T. Navarro-Jusino,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Eastern District of Texas
No. 4:19-CR-192-1

Before King, Smith, and Haynes, *Circuit Judges*.

Jerry E. Smith, *Circuit Judge*:

Ivan Navarro-Jusino defrauded D.S. The district court determined that the particulars of this case justified a much higher sentence than the guideline range. On appeal, Navarro-Jusino claims that the resulting sentence is substantively unreasonable. We affirm.

I.

Navarro-Jusino extracted about $500,000 from D.S., his life's savings, by telling him, as the indictment alleged, that he would invest his money in a "high-performing fund called Blueshare Capital Fund." But there was

no investment fund—Navarro-Jusino was knowingly defrauding D.S.  He "did not invest [D.S.'s money] in any type of fund, but instead used, consumed, spent, and transferred the funds for his own purposes."  Navarro-Jusino "spent the funds on personal expenses such as tickets to a professional football game, a trip to Puerto Rico, and for purchasing personal items such as a vehicle, jewelry, electronics, a car stereo, and furniture."  And, while depleting D.S.'s savings through those expenditures, Navarro-Jusino emailed him fake account statements reflecting growth in his investment.

Eventually, D.S. asked to withdraw some of his money.  At first, Navarro-Jusino demurred, making up a story about the funds' being frozen because of a whistleblower complaint; eventually, he stopped responding to D.S. entirely.  At that point, D.S. went to the FBI; Navarro-Jusino confessed when the FBI confronted him.

Navarro-Jusino pleaded guilty to one count of wire fraud in violation of 18 U.S.C. § 1343.  At sentencing, D.S. gave a victim impact statement, explaining that Navarro-Jusino had taken his entire life's savings, which forced him to sell his possessions and live in government housing.  The court explained to D.S. that actually getting paid restitution was rare in cases like his and asked what he wanted.  D.S. responded, "I hope he gets enough where . . . I'll feel justified in your sentencing."

At that point, the district court informed the parties that it was considering an upward variance and gave the parties an opportunity to comment.  Navarro-Jusino asked for a within-guidelines sentence so that he could make money to pay restitution; he noted that the court could monitor that during supervised release.  The government said that it was not opposed to an upward variance.

When Navarro-Jusino addressed the court, he apologized but framed what he'd done as "misus[ing] funds" and making a "mistake," by

No. 20-40401

"mingl[ing] business with personal on that account." He pointed out that he used the money to invest in a gym, which failed. The government and D.S. responded that he didn't have permission to invest the money in anything besides the Blueshare Capital Fund, so that too was fraud. Navarro-Jusino finished by promising to pay D.S. back. After that colloquy, the district court sentenced Navarro-Jusino to 120 months (an 87-month upward variance), plus three years' supervised release and restitution of $482,000.[1] Navarro-Jusino contends that the sentence is substantively unreasonable.

## II.

Whether inside or outside the guideline range, a sentence must be reasonable in light of the factors in 18 U.S.C. § 3553(a). *See United States v. Hernandez*, 633 F.3d 370, 375 (5th Cir. 2011). We review a district court's determination that a sentence is reasonable for abuse of discretion. *United States v. Warren*, 720 F.3d 321, 332 (5th Cir. 2013).[2] An above-guidelines sentence is unreasonable if "it (1) does not account for a factor that should have received significant weight, (2) gives significant weight to an irrelevant or improper factor, or (3) represents a clear error of judgment in balancing

---

[1] The presentence investigation report ("PSR") identified a base offense level of 7 under U.S.S.G. § 2B1.1(a)(1) with a 12-point enhancement under U.S.S.G. § 2B1.1(b)-(1)(G) for a criminal scheme causing a financial loss of $250,000 to $500,000. There was a 2-point enhancement per U.S.S.G. § 2B1.1(b)(2)(A)(iii) for inflicting a severe financial hardship. Navarro-Justino received a 3-point reduction for acceptance of responsibility and timely notification under U.S.S.G. § 3E1.1(a) and (b). The net offense level was 18. The PSR assigned one criminal history point for Navarro-Jusino's Florida conviction for grand theft, yielding Criminal History Category I. The resulting guideline range was 27 to 33 months.

[2] Arguably, Navarro-Jusino has failed to preserve some of his particular arguments for why his sentence is substantively unreasonable. If so, review of those contentions would be for plain error. *Warren*, 720 F.3d at 326. But we need not resolve the standard of review if Navarro-Jusino cannot prevail even on abuse-of-discretion review. *See United States v. Holguin-Hernandez*, 955 F.3d 519, 520 n.1 (5th Cir. 2020) (per curiam).

the sentencing factors." *United States v. Diehl*, 775 F.3d 714, 724 (5th Cir. 2015).

Navarro-Jusino offers three reasons that his sentence is substantively unreasonable. First, he contends that the sentence is too long and is therefore "greater than necessary[] to comply with the purposes set forth in" § 3553(a). He points out that "a major departure [from the guideline range] should be supported by a more significant justification than a minor one." *Gall v. United States*, 552 U.S. 38, 50 (2007). Navarro-Jusino is correct that an eighty-seven-month variance is large, but it is neither unprecedented nor unjustified in his case. The district court based the variance on the devastating impact Navarro-Jusino's crime had on D.S. Given that his crime took D.S.'s whole life's savings, forcing him to live off of government assistance for the rest of his life, that seems worthy of a large upward variance.[3] The court also relied on the need to deter Navarro-Jusino from future crimes and to promote respect for the law. Given the colloquy in which Navarro-Jusino framed his crime—essentially pure theft—as a mistake and tried to play off parts of it as bad business decisions, that too justifies a large variance. Further, Navarro-Jusino's above-guidelines sentence is far less than the twenty-year statutory maximum in § 1343. That is enough to conclude that the court did not abuse its discretion purely based on the length of the sentence.[4]

---

[3] It's of no import that the guidelines already included a two-point enhancement, because D.S.'s retirement savings were the money at issue. Even where the guidelines account for a fact, "the sentencing court is free to conclude that the applicable Guidelines range gives too much or too little weight to one or more factors, and may adjust the sentence accordingly under § 3553(a)." *United States v. Lopez-Velasquez*, 526 F.3d 804, 807 (5th Cir. 2008) (per curiam) (quotation omitted).

[4] This variance, though large, is not unprecedented. *See United States v. Smith*, 417 F.3d 483, 492 & n.40 (5th Cir. 2005) (noting cases with variances of 169 and 113

No. 20-40401

Second, Navarro-Jusino avers that "the district court gave the recommended Guideline range insufficient weight." Indeed, one factor district courts must consider "is the sentence established by the guidelines." *United States v. Gutierrez-Hernandez*, 581 F.3d 251, 256 (5th Cir. 2009); *see also* § 3553(a)(4) (listing the guideline range as a relevant factor). But Navarro-Jusino's only evidence that the district court gave the guideline range insufficient weight is the length of the sentence. In fact, the court was aware of the range and explicitly explained why he did not believe it was an appropriate sentence in this case. There's no reason to think it abused its discretion in choosing how much weight to give that factor, though Navarro-Jusino surely wanted it to be given more.

Third, Navarro-Jusino asserts that the court improperly considered its experience with prior cases in evaluating the likelihood he'd be able to pay restitution.[5] But previous defendants' failure to pay wasn't the *sole* reason that the court also thought Navarro-Jusino would fail to pay. The court made an individualized assessment of the likelihood that Navarro-Jusino would pay restitution, informed in part by its experience with prior cases. Not only is it permissible for a court to draw on its experience to inform its view of the case, but it's expected. At bottom, the court determined that Navarro-Jusino's promise to pay was not credible in light of his fraud. That determination was not an abuse of discretion.

AFFIRMED.

---

months).

[5] Navarro-Jusino has not contended that the district court is completely prohibited from considering the likelihood of paying restitution. That issue is therefore forfeited. *See Cinel v. Connick*, 15 F.3d 1338, 1345 (5th Cir. 1994) ("A party who inadequately briefs an issue is considered to have abandoned the claim.").