# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

October 22, 2021

Lyle W. Cayce
Clerk

No. 21-20133
Summary Calendar

United States of America,

*Plaintiff—Appellee*,

*versus*

Steffen Thomas Savarino,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:19-CR-142-1

Before Barksdale, Costa, and Engelhardt, *Circuit Judges*.

Per Curiam:*

Steffen Thomas Savarino was convicted of three counts of mail-matter theft by a postal employee, in violation of 18 U.S.C. § 1709. He was sentenced to time served and two years of supervised release. In May 2020, a few months after his sentencing, Savarino's probation officer reported to

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 21-20133

the district court that Savarino had been arrested for felony theft (more than $2500 and less than $30,000), on 28 April 2020. The court accepted the probation officer's recommendation that no action be taken, pending disposition of the state charge.

In February 2021, Savarino's probation officer filed a petition, asserting Savarino violated the conditions of his supervised release by committing another felony theft, on 29 January 2021. The officer noted the still-pending felony-theft charge from Savarino's April 2020 arrest also served as a basis for revoking his supervised release. In a superseding petition, Savarino's probation officer contended Savarino also violated the conditions of his supervised release by failing to: submit to urine surveillance; and participate as directed in outpatient substance-abuse treatment.

The court revoked Savarino's supervised release and imposed an 18-month sentence, above the Sentencing Guidelines range. Savarino contests the sentence and asserts the district court erred in imposing it because the court improperly considered, as dominant factors, the need for the sentence imposed to reflect the seriousness of Savarino's new theft offenses and to provide just punishment for them.

Both parties contend the standard of review is plain error; but, of course, our court, not the parties, determines the appropriate standard of review. *E.g.*, *United States v. Torres-Perez*, 777 F.3d 764, 766 (5th Cir. 2011). When defendant properly preserves an objection to his revocation sentence, a revocation sentence is reviewed under a "plainly unreasonable" standard. *See* 18 U.S.C. § 3742(a)(4) (review of sentence); *United States v. Miller*, 634 F.3d 841, 843 (5th Cir. 2011) (adopting "plainly unreasonable" standard for revocation sentences). Unpreserved challenges are reviewed for plain error. *United States v. Whitelaw*, 580 F.3d 256, 259 (5th Cir. 2009). A party can

preserve error by informing the court of the desired action or objecting to the court's action and stating the grounds for the objection. *Holguin-Hernandez v. United States*, 140 S. Ct. 762, 764 (2020).

*Holguin-Hernandez*, however, stopped short of "decid[ing] what is sufficient to preserve a claim that a trial court used improper procedures in arriving at its chosen sentence . . . [or] when a party has properly preserved the right to make particular arguments supporting its claim that a sentence is unreasonably long". *Id.* at 767 (emphasis omitted). And our court has declined to address the appropriate standard of review for specific assertions supporting a substantive-unreasonableness claim that were not clearly raised before the district court. *See, e.g.*, *United States v. Holguin-Hernandez*, 955 F.3d 519, 520 n.1 (5th Cir. 2020) (pretermitting issue regarding appropriate standard of review because defendant could not even overcome "less deferential abuse of discretion standard") (opinion on remand); *United States v. Navarro-Jusino*, 993 F.3d 360, 362 n.2 (5th Cir. 2021) (same); *but see United States v. Cano*, 981 F.3d 422, 425 (5th Cir. 2020) (reviewing for plain error contention district court relied on improper factor because defendant failed to raise issue).

Savarino sought a lower sentence than the one imposed. At no point, however, did he assert the court improperly considered a factor when imposing his revocation sentence. Our court need not decide whether Savarino preserved his sentencing contention because it fails under either standard of review.

Reversal of a sentence imposed on revocation under 18 U.S.C. § 3583(e) (modification of conditions or revocation) is required only if impermissible considerations, such as the seriousness of the violations and the need for just punishment, were dominant factors in the district court's sentencing decision. *See United States v. Rivera*, 784 F.3d 1012, 1017 (5th Cir.

2015). There is no error, however, when such a factor "is merely a secondary concern or an additional justification for the sentence". *Id.*; *see also United States v. Sanchez*, 900 F.3d 678, 684 & n.5 (5th Cir. 2018) (explaining revocation sentences are proper if court does "not take account of retribution" (citation omitted)).

The court's statements, in context, demonstrate the court was primarily frustrated with Savarino's pattern of noncompliance with the terms of his supervised release and chose the 18-month sentence to afford adequate deterrence and sanction Savarino for his breach of the court's trust. These are permissible considerations in a revocation hearing. *See* 18 U.S.C. § 3583(e); 18 U.S.C. § 3553(a)(1), (a)(2)(B); *United States v. Cano*, 981 F.3d 422, 426 (5th Cir. 2020) (explaining "[a] sentence imposed on revocation of supervised release punishes a breach of trust for violating the conditions of supervision"(citation omitted)); U.S.S.G. Ch.7, Pt.A, intro. comment 3(b) (U.S. Sentencing Comm'n 2014) (explaining when imposing revocation sentence, court primarily sanctions defendant's breach of trust). Accordingly, while the court may have considered retribution as an additional justification for the sentence, other permissible statutory factors were dominant. *See Sanchez*, 900 F.3d at 684 (affirming district court's upward variance based on "defendant's lack of respect for the law" (citation omitted)). Moreover, it is not clear under existing law that the court's specific comments gave dominant weight to an impermissible factor, and any error is, therefore, not reversible under the plainly-unreasonable standard. *See id.* at 682 (explaining sentence vacated only if identified error "is not just unreasonable but *plainly* unreasonable" (emphasis in original)); *United States v. Warren*, 720 F.3d 321, 326 (5th Cir. 2013) ("If we find the sentence unreasonable, we may reverse the district court only if we further determine the error was obvious under existing law". (citation omitted)).

AFFIRMED.