# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

December 21, 2022

Lyle W. Cayce
Clerk

No. 22-20184
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

TOAN T. TRAN,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:21-CR-492-1

Before KING, HIGGINSON, and WILLETT, *Circuit Judges*.

PER CURIAM:*

Toan T. Tran pleaded guilty, under a plea agreement, to one count of wire fraud. The district court sentenced Tran to an above-Guidelines sentence of 120 months' imprisonment. Tran now appeals his sentence arguing that (1) the appeal waiver in his plea agreement is unenforceable and (2) his sentence is substantively unreasonable. Because whether a waiver bars

---

* This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

an appeal is not jurisdictional, *United States v. Story*, 439 F.3d 226, 230–31 (5th Cir. 2006), we resolve Tran's appeal on the merits.

We review the substantive reasonableness of a sentence for abuse of discretion. *See United States v. Vargas*, 21 F.4th 332, 334 (5th Cir. 2021); *United States v. Diehl*, 775 F.3d 714, 724 (5th Cir. 2015). An above-Guidelines sentence is unreasonable if it "(1) does not account for a factor that should have received significant weight, (2) gives significant weight to an irrelevant or improper factor, or (3) represents a clear error of judgment in balancing the sentencing factors." *United States v. Fraga*, 704 F.3d 432, 440 (5th Cir. 2013) (internal quotation marks and citation omitted). "Even a significant variance from the Guidelines does not constitute an abuse of discretion if it is commensurate with the individualized, case-specific reasons provided by the district court." *Diehl*, 775 F.3d at 724 (internal quotation marks and citation omitted).

At sentencing, after hearing from three of Tran's victims, the district court stated that it was varying upwards because Tran's actions were "exceptionally bad" as he used his friends' trust to steal from them. The district court further explained in its statement of reasons that the variance was based on the nature and circumstances of the offense, reflected the seriousness of the offense, promoted respect for the law, and provided just punishment for the offense. The court noted again that Tran "manipulated people who trusted him and who were vulnerable." The district court thus provided a sufficient basis, supported by the record, for its upward variance. The district court was in a "superior position" to assess and balance the importance of any specific factor under 18 U.S.C. § 3553(a). *See Gall v. United States*, 552 U.S. 38, 51 (2007); *United States v. Campos-Maldonado*, 531 F.3d 337, 339 (5th Cir. 2008). Tran's disagreement with how the court weighed the factors counseling the upward variance against this being his first offense and the lack of violence involved in his crime "is not a sufficient

No. 22-20184

ground for reversal." *United States v. Malone*, 828 F.3d 331, 342 (5th Cir. 2016).

To the extent that Tran argues that his sentence was out of line with similarly situated defendants, the degree of the upward variance was not so disproportionate to overcome the factors supporting its imposition. *See United States v. Brantley*, 537 F.3d 347, 349 (5th Cir. 2008). The 87-month variance, both in terms of percentage and total actual time, is within the range of departures or variances we have upheld. *See*, *e.g.*, *United States v. Navarro-Jusino*, 993 F.3d 360, 361–63 (5th Cir. 2021); *United States v. Rhine*, 637 F.3d 525, 529–30 (5th Cir. 2011). And the sentence is still far less than the twenty-year statutory maximum. *See Navarro-Jusino*, 993 F.3d at 362. Tran has not demonstrated that the 120-month sentence is substantively unreasonable.

AFFIRMED.