# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

June 3, 2024

Lyle W. Cayce
Clerk

No. 23-40624
Summary Calendar

_____

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

ROSBEL DANIEL REGINO-VILLANUEVA,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:23-CR-517-1

_____

Before BARKSDALE, ENGELHARDT, and WILSON, *Circuit Judges*.

PER CURIAM:*

Rosbel Daniel Regino-Villanueva contests the above-Guidelines 60-months' sentence imposed following his guilty-plea conviction for being found in the United States after previous deportation, in violation of 8 U.S.C. § 1326(a), (b). (His advisory Guidelines sentencing range was 24-30 months.) He asserts the sentence is substantively unreasonable because the

_____

* This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

district court: did not account for the need to avoid sentencing disparities among similarly situated defendants; and gave significant weight to an irrelevant factor—the need to impose a sentence higher than his most recent sentence for illegal reentry.

Although post-*Booker*, the Sentencing Guidelines are advisory only, the district court must avoid significant procedural error, such as improperly calculating the Guidelines sentencing range. *Gall v. United States*, 552 U.S. 38, 46, 51 (2007). If no such procedural error exists, a properly preserved objection to an ultimate sentence is reviewed for substantive reasonableness under an abuse-of-discretion standard. *Id.* at 51; *United States v. Delgado-Martinez*, 564 F.3d 750, 751–53 (5th Cir. 2009). In that respect, for issues preserved in district court, its application of the Guidelines is reviewed *de novo*; its factual findings, only for clear error. *E.g.*, *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008).

Regino requested a below-Guidelines sentence and, therefore, sufficiently preserved his substantive-reasonableness challenge. *See Holguin-Hernandez v. United States*, 589 U.S. 169, 173–74 (2020) (outlining preservation). Nevertheless, he arguably failed to preserve in district court his specific assertions, which would require plain-error review. *E.g.*, *United States v. Navarro-Jusino*, 993 F.3d 360, 362 n.2 (5th Cir. 2021). We need not resolve the applicable standard of review because he cannot prevail under either standard. *E.g.*, *id.*

"In reviewing a non-guidelines sentence for substantive unreasonableness, [our] court will consider the totality of the circumstances, including the extent of any variance from the Guidelines range, to determine whether, as a matter of substance, the sentencing factors in section 3553(a) support the sentence." *United States v. Gerezano-Rosales*, 692 F.3d 393, 400 (5th Cir. 2012) (first alteration in original) (citations omitted). An above-

Guidelines sentence is substantively unreasonable if it "(1) does not account for a factor that should have received significant weight, (2) gives significant weight to an irrelevant or improper factor, or (3) represents a clear error of judgment in balancing the sentencing factors". *United States v. Hudgens*, 4 F.4th 352, 358 (5th Cir. 2021) (citation omitted).

Regino has not shown the district court failed to consider the need to avoid unwarranted sentencing disparities. *See* 18 U.S.C. § 3553(a)(6). Although he relies on statistical data concerning defendants convicted of the same offense, with the same offense level, criminal-history category, and Guidelines sentencing range, he has not shown he is similarly situated to these defendants in all relevant respects. *See United States v. Waguespack*, 935 F.3d 322, 337 (5th Cir. 2019) (rejecting statistics as demonstrative because they "disregard individual circumstances and only reflect a broad grouping of sentences imposed on a broad grouping of criminal defendants" (citation omitted)); *United States v. Hernandez*, 633 F.3d 370, 379 (5th Cir. 2011) ("In any case, an argument premised primarily on sentencing disparity is insufficient to render a sentence substantively unreasonable."). Regino's criminal history spans 30 years and includes four prior illegal-reentry convictions as well as numerous convictions that did not receive criminal-history points because of their age. Further, he has not explained why the alleged sentencing disparities were *unwarranted*. *See* 18 U.S.C. § 3553(a)(6).

Regino has also not shown the court gave significant weight to an irrelevant factor by considering the sentences he received for his prior illegal-reentry convictions. *See Hudgens*, 4 F.4th at 358 (outlining standard). At sentencing, the court noted Regino had not been deterred from returning to the United States illegally by the previous reentry-conviction sentences ranging from 30 to 84 months, with the last two being 30 and 36 months. (He returned to the United States within two weeks of his last (fourth) deportation.) The court may consider a defendant's history of reoffending

after receiving lenient sentences. *E.g.*, *United States v. Brantley*, 537 F.3d 347, 350 (5th Cir. 2008) (affirming district court's considering previous similar convictions); *United States v. Lee*, 358 F.3d 315, 328–29 (5th Cir. 2004) (same).

We defer to the district court's concluding an upward variance was warranted based on the 18 U.S.C. § 3553(a) sentencing factors, including: Regino's history and characteristics; the need to promote respect for the law; and the need for deterrence. His contention "that these factors should have been weighed differently is not a sufficient ground for reversal". *United States v. Malone*, 828 F.3d 331, 342 (5th Cir. 2016). Further, the extent of the variance is smaller than other variances affirmed by our court. *E.g.*, *United States v. Rhine*, 637 F.3d 525, 526, 529–30 (5th Cir. 2011) (affirming 180-months' sentence with Guidelines sentencing range of 30 to 37 months).

AFFIRMED.