# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

January 10, 2025

Lyle W. Cayce
Clerk

No. 24-40523
Summary Calendar

_____

United States of America,

*Plaintiff—Appellee*,

*versus*

Antonio Salvador-Garcia,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:23-CR-105-1

_____

Before Barksdale, Haynes, and Wilson, *Circuit Judges.*

Per Curiam:[*]

Contending his sentence is substantively unreasonable, Antonio Salvador-Garcia challenges his above-Guidelines 120-months' sentence, imposed following his guilty-plea conviction for illegal reentry after removal, in violation of 8 U.S.C. § 1326.

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 24-40523

Although post-*Booker*, the Sentencing Guidelines are advisory only, the district court must avoid significant procedural error, such as improperly calculating the Guidelines sentencing range. *Gall v. United States*, 552 U.S. 38, 46, 51 (2007). If no such procedural error exists, a properly preserved objection to an ultimate sentence is reviewed for substantive reasonableness under an abuse-of-discretion standard. *Id.* at 51; *United States v. Delgado-Martinez*, 564 F.3d 750, 751–53 (5th Cir. 2009). In that respect, for issues preserved in district court, its application of the Guidelines is reviewed *de novo*; its factual findings, only for clear error. *E.g.*, *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008).

An above-Guidelines sentence is substantively unreasonable if it "(1) does not account for a factor that should have received significant weight, (2) gives significant weight to an irrelevant or improper factor, or (3) represents a clear error of judgment in balancing the sentencing factors". *United States v. Diehl*, 775 F.3d 714, 724 (5th Cir. 2015). Review of a sentence's substantive reasonableness is "highly deferential" to the district court. *Id.* (citation omitted). A district court may "rely on factors already incorporated by the Guidelines to support a non-Guidelines sentence". *United States v. Hudgens*, 4 F.4th 352, 358–59 (5th Cir. 2021) (citation omitted); *see also United States v. Recio-Rosas*, 88 F.4th 566, 570 (5th Cir. 2023). For the following reasons, there was no abuse of discretion.

The court properly considered the 18 U.S.C. § 3553(a) sentencing factors and the presentence investigation report (PSR). *E.g.*, *United States v. Trujillo*, 502 F.3d 353, 357 (5th Cir. 2007) (district court may adopt proposed facts in PSR without additional inquiry if, as in this instance, "those facts have an adequate evidentiary basis with sufficient indicia of reliability and the defendant does not present rebuttal evidence or otherwise demonstrate that the information in the PSR is unreliable") (citation omitted). The court concluded an upward variance was justified by Salvador's repeated illegal

reentries, his history of driving while intoxicated, and the related need to protect the public. *E.g.*, *United States v. McElwee*, 646 F.3d 328, 338 (5th Cir. 2011) (upward variance was not an abuse of discretion because it was "commensurate with the individualized, case-specific reasons provided by the district court") (citation omitted).

Along that line, the contention that the sentence is unreasonable merely because it created sentencing disparities with other illegal-reentry offenders, is foreclosed by our court: the district court was required to make an individualized assessment of Salvador based on the facts of this case. *E.g.*, *United States v. Hernandez*, 633 F.3d 370, 379 (5th Cir. 2011) ("[A]n argument premised primarily on sentencing disparity is insufficient to render a sentence substantively unreasonable."); *United States v. Key*, 599 F.3d 469, 475–76 (5th Cir. 2010).

In that regard, although Salvador may disagree with how the relevant considerations were balanced by the district court, our court will not independently reweigh the § 3553(a) sentencing factors or substitute its judgment for that of the district court. *E.g.*, *United States v. Hernandez*, 876 F.3d 161, 167 (5th Cir. 2017). And, the extent of the upward variance was not unreasonable. *E.g.*, *Hudgens*, 4 F.4th at 359; *United States v. Navarro-Jusino*, 993 F.3d 360, 362 (5th Cir. 2021) (imposition of sentence "far less" than the statutory maximum, as in this instance, "is enough to conclude that the [sentencing] court did not abuse its discretion purely based on the length of the sentence").

AFFIRMED.