# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

December 3, 2025

Lyle W. Cayce
Clerk

No. 25-50090

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

EMILIANO RODRIGUEZ-JIMENEZ,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:24-CR-1922-1

Before JONES and ENGELHARDT, *Circuit Judges*, and SUMMERHAYS, *District Judge*.[*]

PER CURIAM:[**]

Emiliano Rodriguez-Jimenez appeals the district court's imposition of an above-guidelines sentence, arguing that the sentence is procedurally and substantively unreasonable and that contradictory terms in his supervised release conditions are ambiguous. We disagree and AFFIRM.

---

[*] United States District Judge for the Western District of Louisiana, sitting by designation.

[**] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

No. 25-50090

I.

Rodriguez-Jimenez pleaded guilty to illegal reentry into the United States, in violation of 8 U.S.C. § 1326(a). The statutory maximum term for illegal reentry is no more than two years' imprisonment. 8 U.S.C. § 1326(a). The presentence report (PSR) calculated Rodriguez-Jimenez's total offense level to be 6 and his criminal history category to be II, resulting in an advisory guidelines range of one to seven months' imprisonment. The PSR detailed Rodriguez-Jimenez's prior convictions for assault family violence (twice), driving while intoxicated, failing to identify, and possession of marijuana (twice). Of his six convictions, the PSR allocated criminal history points to only two. The PSR further noted that Rodriguez-Jimenez had been apprehended by immigration officials on three prior occasions and had been previously arrested for interfering with an emergency call, public intoxication, and criminal mischief.

At the sentencing hearing, Rodriguez-Jimenez requested a time-served sentence because he had been in custody more than six months. He argued that he came to the United States to financially provide for his three minor children, and it was his first illegal reentry conviction. The government requested an above-guidelines sentence based on Rodriguez-Jimenez's underrepresented criminal history and "quick return" to the United States in July 2024 following his April 2024 removal.

The district court sentenced him to 24 months' imprisonment and one year of supervised release. The district court found an upward variance warranted because

> (1) Rodriguez-Jimenez's "quick return back to the United States" in July of 2024 after being deported on April 15, 2024, "demonstrat[es] a lack of respect for the laws of this country";

2

No. 25-50090

(2) Rodriguez-Jimenez "has an extensi[ve] criminal history consisting of six state convictions for assault and drug related offense[s]. Only the six offenses received any criminal history points, thereby making his Criminal History Category underrepresented";

(3) Rodriguez-Jimenez "has an arrest for interference with an emergency call, public intoxication, and criminal mischief";

(4) Rodriguez-Jimenez has "shown to have an . . . alcohol and substance abuse problem";

(5) Rodriguez-Jimenez has "displayed extreme violent behavior, and seems likely to continue to impose a significant risk to the public, as evidence by his two convictions of assault, where he pulled his ex-wife's hair and punched her several times for simply not cooking him dinner"; and

(6) Rodriguez-Jimenez "has been removed from the United States without prosecution on several occasions demonstrating a lack of respect for our law as well as an underrepresented criminal history."

Neither party objected to the sentence. Rodriguez-Jimenez timely appealed.

## II.

We review the district court's sentencing determination in two steps, first examining "whether the district court committed any significant procedural error," then considering "the substantive reasonableness of the sentence." *United States v. Nguyen*, 854 F.3d 276, 280 (5th Cir. 2017) (citing *Gall v. United States*, 552 U.S. 38, 51 (2007)).

No. 25-50090

A.

Significant procedural errors include "failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." *Gall*, 552 U.S. at 51. Because Rodriguez-Jimenez challenges the procedural reasonableness of his sentence for the first time on appeal, we review for plain error. *United States v. Olano*, 507 U.S. 725, 731–32 (1993). Plain-error review requires Rodriguez-Jimenez to demonstrate that (1) the district court erred, (2) the error was plain or obvious, (3) the error affected his substantial rights, and (4) "the error seriously affect[ed] the fairness, integrity or public reputation of judicial proceedings." *Puckett v. United States*, 556 U.S. 129, 135 (2009) (internal quotation marks and citation omitted). Showing plain error "is difficult, as it should be." *Id.* (internal quotation marks and citation omitted).

Rodriguez-Jimenez argues that the district court procedurally erred by selecting his sentence based on the clearly erroneous facts that (1) he has an "alcohol and substance abuse problem"; (2) he "has an extensi[ve] criminal history consisting of six state convictions for assault and drug related offense[s]"; and (3) "[o]nly the six offenses received any criminal history points." First, the district court did not err by considering Rodriguez-Jimenez's substance abuse. The PSR recounts that he began consuming alcohol at age 18 and drank "approximately six beers bi-weekly." Since then, he has been convicted of three offenses involving drugs or alcohol.[1] Because the district court's statement that Rodriguez-Jimenez abuses substances "is

---

[1] Additionally, the PSR states that Rodriguez-Jimenez was intoxicated during the events that gave rise to one of his convictions for assault family violence.

plausible in light of the record read as a whole," it is not clearly erroneous. *United States v. Villanueva*, 408 F.3d 193, 203 (5th Cir. 2005).  Second, the district court plainly erred by stating that Rodriguez-Jimenez has been convicted of six "assault and drug related offense[s]" because only four of his six convictions involved assault or drugs.  Third, the district court plainly erred in stating that six of Rodriguez-Jimenez's convictions received criminal history points because the PSR awarded criminal history points to *only two* of his six convictions.  *See United States v. Ibarra*, No. 24-20071, 2024 WL 5118485, at *2 (5th Cir. Dec. 16, 2024) (concluding that district court clearly erred by describing offense contrary to the PSR).

While the record does not support portions of the district court's description of Rodriguez-Jimenez's criminal history, he fails to show that such error affected his substantial rights.  *See Puckett*, 556 U.S. at 135.  To satisfy this third prong of plain-error review, the defendant must show that "the error increased the term of a sentence, such that there is a reasonable probability of a lower sentence on remand." *United States v. Escalante-Reyes*, 689 F.3d 415, 424 (5th Cir. 2012) (quoting *United States v. Garcia-Quintanilla*, 574 F.3d 295, 304 (5th Cir. 2009)) (holding that defendant's substantial rights were affected because the district court's consideration of an improper factor was "a central part" of its reasoning for imposing a sentence).  There is no reasonably probable indication that the district court's reliance on four assault and drug offenses, rather than six, would have resulted in a lower sentence.  And while the district court misstated the details of how Rodriguez-Jimenez's criminal history was underrepresented, the key fact remains that it was underrepresented.  Because the district court listed numerous proper reasons for imposing an above-guidelines sentence and did not emphasize or heavily rely on any erroneous facts, Rodriguez-Jimenez fails to show that the district court's misstatements affected his

substantial rights. *Id.* at 425 (considering district court's "repeated emphasis" on improper factor).

Finally, Rodriguez-Jimenez argues that the district court erred by relying on bare arrest records. The district court plainly erred by considering Rodriguez-Jimenez's bare arrest record at sentencing. *United States v. Johnson*, 648 F.3d 273, 278 (5th Cir. 2011). But he fails to show that such error affected his substantial rights. Although the district court mentioned the bare arrest records as a reason for imposing the above-guidelines sentence, the court also cited Rodriguez-Jimenez's underrepresented criminal history, quick return to the United States, substance abuse, and prior removals. This case is like *United States v. Williams*, 620 F.3d 483, 495–96 (5th Cir. 2010), where this court concluded that the district court's consideration of bare arrest records did not affect the defendant's substantial rights because the district court discussed numerous other permissible factors at length.

Because Rodriguez-Jimenez fails to show that any error affected his substantial rights, the district court's sentence was procedurally sound.

B.

Having determined that the sentence was procedurally reasonable, we next determine whether it was substantively reasonable. *Nguyen*, 854 F.3d at 283. "[A] sentence must be reasonable in light of the factors in 18 U.S.C. § 3553(a)." *United States v. Navarro-Jusino*, 993 F.3d 360, 362 (5th Cir. 2021). An above-guidelines sentence is unreasonable if it "(1) does not account for a factor that should have received significant weight, (2) gives significant weight to an irrelevant or improper factor, or (3) represents a clear

error of judgment in balancing the sentencing factors." *United States v. Diehl*, 775 F.3d 714, 724 (5th Cir. 2015). We review for abuse of discretion.[2]

Rodriguez-Jimenez argues that his sentence is substantively unreasonable for the same reasons it is procedurally unreasonable.[3] We find no abuse of discretion. The district court considered Rodriguez-Jimenez's "quick return . . . demonstrating a lack of respect for the laws of this country," prior convictions, "extreme violent behavior," and the "significant risk to the public" he poses—reasonably weighing the § 3553(a) factors. The record does not show that the district court ignored a factor that should have received significant weight, gave significant weight to an improper factor, or erred in balancing the factors. *Diehl*, 775 F.3d at 724. We hold the district court did not abuse its discretion in the sentence it imposed.

--------

[2] The parties disagree which standard of review applies. A defendant preserves a general claim of substantive unreasonableness by requesting a shorter sentence because doing so "communicates to the trial judge his view that a longer sentence is 'greater than necessary.'" *Holguin-Hernandez v. United States*, 589 U.S. 169, 174–75 (2020). Rodriguez-Jimenez requested a time-served sentence and therefore preserved a claim that his 24-month sentence is greater than necessary. But arguing for a shorter sentence does not "insulate *all* arguments regarding the length of a sentence from plain-error review." *Id.* at 176 (Alito, J., concurring). To preserve a specific argument, the defendant must "inform[] the court of the legal error at issue." *Id.* at 174–75. If the defendant fails to do so, we review only for plain error. *United States v. Zarco-Beiza*, 24 F.4th 477, 481–82 (5th Cir. 2022). Arguably, Rodriguez-Jimenez has failed to preserve his specific arguments. But because Rodriguez-Jimenez does not prevail under either standard, we do not determine which standard is proper and review for abuse of discretion. *See Navarro-Jusino*, 993 F.3d at 362 n.2.

[3] Rodriguez-Jimenez argues that the district court erroneously relied on the fact that illegal reentry was his first federal offense. Even assuming that is an improper § 3553(a) factor, it is unclear whether the district court relied on that fact as a mitigating factor or a justification for upward variance. The district court therefore did not give "significant weight" to it being his first federal offense. *Diehl*, 775 F.3d at 724.

No. 25-50090

### III.

Rodriguez-Jimenez further argues that the district court erred in imposing conflicting conditions for his supervised release. The district court stated that upon release from confinement, if Rodriguez-Jimenez is not deported or later reenters the United States, he must report to the nearest probation office "within 72 hours." The judgment, however, requires Rodriguez-Jimenez to "immediately report" to the nearest probation office if he is not deported or reenters the United States during the term of supervised release. Facing the same issue, this court has held that there is "no material difference" "between requiring [a defendant] to report 'immediately' and requiring him to report 'within 72 hours.'" *United States v. Perez-Espinoza*, 31 F.4th 988, 989 (5th Cir. 2022). The district court therefore did not err in the conditions it imposed for Rodriguez-Jimenez's supervised release.

### IV.

Accordingly, Rodriguez-Jimenez's sentence is AFFIRMED.