# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
March 5, 2026

Lyle W. Cayce
Clerk

No. 25-10558
Summary Calendar

———————————

United States of America,

*Plaintiff—Appellee*,

*versus*

Clarence Pearson,

*Defendant—Appellant*.

———————————————————

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:24-CR-290-1

———————————————————

Before Elrod, *Chief Judge*, and Higginson and Ramirez, *Circuit Judges*.

Per Curiam:[*]

Clarence Pearson pleaded guilty to possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). He was sentenced above the guidelines range to 78 months of imprisonment, followed by three years of supervised release. On appeal, Pearson challenges the substantive reasonableness of his above-guidelines sentence, maintaining that because he

———————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

had no criminal culpability by reason of insanity for pointing the firearm at his girlfriend's sleeping child and shooting his girlfriend two times, the district court should not have relied on those facts when balancing 18 U.S.C. § 3553(a)(2)(A). In addition, he contends that the court misadvised him on the interstate commerce element of § 922(g)(1) and that the statute violates the Commerce Clause and the Second Amendment, though he concedes that these challenges are foreclosed.

Although the parties dispute the applicable standard of review for Pearson's substantive reasonableness challenge, it need not be resolved because Pearson cannot prevail even on abuse-of-discretion review. *See United States v. Navarro-Jusino*, 993 F.3d 360, 362 n.2 (5th Cir. 2021). A non-guidelines sentence is substantively unreasonable if it "(1) does not account for a factor that should have received significant weight, (2) gives significant weight to an irrelevant or improper factor, or (3) represents a clear error of judgment in balancing the sentencing factors." *United States v. Gerezano-Rosales*, 692 F.3d 393, 401 (internal quotation marks and citation omitted). Pearson asserts that "the district court extracted retribution for actions for which [he] had no culpability," but our review of the record indicates otherwise. Under the totality of the circumstances, including the significant deference that is given to the district court's consideration of the § 3553(a) factors and the district court's reasons for its sentencing decision, Pearson has failed to show that his 78-month sentence is substantively unreasonable. *See Gall v. United States*, 552 U.S. 38, 51 (2007); *Gerezano-Rosales*, 692 F.3d at 400-01.

Moreover, Pearson correctly concedes that the challenges to his conviction are foreclosed. In short, he was correctly advised on the interstate commerce element of § 922(g)(1), and there is a sufficient factual basis supporting that element. *See United States v. Rawls*, 85 F.3d 240, 242-43 (5th Cir. 1996). And we have held that § 922(g)(1) does not exceed Congress's

power under the Commerce Clause as presently interpreted. *See United States v. Alcantar*, 733 F.3d 143, 145-46 (5th Cir. 2013). Likewise, we have held that the statute does not facially violate the Second Amendment under *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1 (2022). *See United States v. Diaz*, 116 F.4th 458, 467-72 (5th Cir. 2024), *cert. denied*, 145 S. Ct. 2822 (2025).

AFFIRMED.