# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

March 9, 2026

Lyle W. Cayce
Clerk

———————

No. 25-30361
Summary Calendar

———————

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

TAWON D. PARKER,

*Defendant—Appellant*.

———————————————————

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 5:24-CR-236-1

———————————————————

Before WIENER, WILLETT, and WILSON, *Circuit Judges*.

PER CURIAM:[*]

Defendant-Appellant Tawon D. Parker pleaded guilty to possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). At sentencing, both parties asked for a sentence within the guidelines range. The district court addressed Parker's "remarkable record of violent behavior, especially against women" and found that an upward variance

———————————

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

pursuant to the sentencing factors in 18 U.S.C. § 3553(a) was suited to Parker's situation. The district court sentenced him to 82 months in prison and three years of supervised release. Parker objected to the sentence.

On appeal, Parker argues that his eighty-two-month sentence is substantively unreasonable because the district court (1) gave dispositive weight to characterizing him as a violent offender by considering conduct that went beyond his actual convictions, which were not crimes of violence, and by giving undue consideration to an alleged sexual assault for which he was not arrested; and (2) did not give adequate weight to significant mitigating factors. Sentences are reviewed for reasonableness in light of the sentencing factors in § 3553(a). *See United States v. Mondragon-Santiago*, 564 F.3d 357, 360 (5th Cir. 2009). We review "a properly preserved claim of substantive unreasonableness for abuse of discretion." *United States v. Zarco-Beiza*, 24 F.4th 477, 480–81 (5th Cir. 2022).

The district court addressed multiple specific instances in Parker's criminal history demonstrating his use of firearms and violent behavior against women between 2000 and 2023. Parker did not object to the truth or reliability of the information in the presentence report in the district court. On appeal, Parker does not assert that he did not commit these acts, and only argues that they do not constitute crimes of violence. Thus, Parker has not shown an abuse of the district court's discretion. *See United States v. Navarro-Jusino*, 993 F.3d 360, 362 (5th Cir. 2021); 18 U.S.C. §§ 3553(a)(1), (a)(2)(A)–(C). Parker's arguments also do not assert a failure to consider mitigation, but reduce to a request that this court reweigh the § 3553(a) factors and substitute our own judgment for that of the district court—which

we will not do.  *See United States v. Hernandez*, 876 F.3d 161, 167 (5th Cir. 2017).

Finally, we consider the extent of any variance from the advisory guidelines range, *United States v. Gerezano-Rosales*, 692 F.3d 393, 400 (5th Cir. 2012), and defer to the district court's decision that the sentencing factors support the extent of the variance, *United States v. Broussard*, 669 F.3d 537, 551 (5th Cir. 2012).  Parker has not shown that the sentence imposed by the district court was substantively unreasonable.

AFFIRMED.