# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

June 12, 2026

Lyle W. Cayce
Clerk

No. 25-60533
Summary Calendar

———————

United States of America,

*Plaintiff—Appellee*,

*versus*

Stanley Self, Jr.,

*Defendant—Appellant*.

———————

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 4:25-CR-36-1

———————

Before Barksdale, Oldham, and Douglas, *Circuit Judges*.

Per Curiam:[*]

Stanley Self, Jr., challenges his above-Guidelines 60-months' imprisonment sentence, imposed in September 2025 following his guilty-plea conviction for escaping custody, in violation of 18 U.S.C. § 751(a). He contests, regarding the Sentencing Guidelines, the procedural and substantive reasonableness of his sentence. His contentions fail.

———————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 25-60533

Because Self did not preserve his procedural challenge in district court, review is only for plain error. *E.g.*, *United States v. Broussard*, 669 F.3d 537, 546 (5th Cir. 2012). Under that standard, Self must show a forfeited plain error (clear-or-obvious error, rather than one subject to reasonable dispute) that affected his substantial rights. *Puckett v. United States*, 556 U.S. 129, 135 (2009). If he makes that showing, we have the discretion to correct the reversible plain error, but generally should do so only if it "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings". *Id.* (citation omitted).

Self asserts the court erred in calculating his criminal-history category by separately allotting points for his federal-firearm-possession offense and state-attempted-murder offense, both of which concerned the same incident in 2023. He fails to show the requisite clear-or-obvious error. *See* U.S.S.G. § 4A1.2(a)(2) (effective through 31 October 2025) (requiring "sentences [be] counted separately" if no intervening arrest between two prior convictions, "unless (A) the sentences resulted from offenses contained in the same charging instrument; or (B) the sentences were imposed on the same day").

To the extent he maintains entitlement to a downward departure because of the claimed procedural error, this court lacks jurisdiction to review his assertion. *See United States v. Hernandez*, 457 F.3d 417, 424 (5th Cir. 2006) (holding this court lacked jurisdiction to review challenge to denial of downward departure where district court implicitly denied defendant's request).

Self's other issue, regarding the substantive reasonableness of his sentence, was preserved in district court by his challenging the upward variance requested by the Government. Although post-*Booker*, the Sentencing Guidelines are advisory only, the district court must avoid significant procedural error, such as improperly calculating the Guidelines

No. 25-60533

sentencing range. *Gall v. United States*, 552 U.S. 38, 46, 51 (2007). If no such procedural error exists, a properly preserved objection to an ultimate sentence is reviewed for substantive reasonableness under an abuse-of-discretion standard. *Id.* at 51; *United States v. Delgado-Martinez*, 564 F.3d 750, 751–53 (5th Cir. 2009). In that respect, for issues preserved in district court, its application of the Guidelines is reviewed *de novo*; its factual findings, only for clear error. *E.g.*, *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008).

Self contends the court improperly relied on his two previous assaults on law-enforcement officers because his criminal history score and presentencing report accounted for both. His assertion fails because, "[e]ven where the guidelines account for a fact, the sentencing court is free to conclude that the applicable Guidelines range gives too much or too little weight to one or more factors, and may adjust the sentence accordingly under [the 18 U.S.C.] § 3553(a)" sentencing factors. *United States v. Navarro-Jusino*, 993 F.3d 360, 362 n.3 (5th Cir. 2021) (citation omitted).

AFFIRMED.